102 613
164 358

BRANSON *et al.*, *Administrators*, v. BRANSON *et al.*,
*Appellants.*

DIVISION ONE.

1. **Administration**: JUDGMENT OF PROBATE COURT: APPEAL. An appeal will lie from the judgment of the probate court, as final, upon the final settlement of an administrator, fixing the amount for which he must account and ordering the payment of designated allowed demands and distribution of money in his hands, notwithstanding the court ordered the sale of uncollected notes, accounts and other personal property, under the statute ( R. S. 1879, sec. 241) and continued the cause to the next term.

2. ———— : ———— : ————. An appeal will lie from the probate court from "all orders making distribution" (R. S. 1879, sec. 292) without regard to when they are made, and in reviewing such order the appellate court will also review an order fixing the amount due from the administrator.

3. ———— : ———— : ———— : JUDGMENT. The judgment of the circuit court, on appeal from the probate court, allowing an administrator commissions cannot be questioned at a subsequent term where no motion for new trial or bill of exceptions was filed and no timely appeal taken from it.

4. ———— : ———— : ———— : JURISDICTION OF APPELLATE COURT. An appeal from the probate court to the circuit court operates as a *supersedeas* only as to the particular order or judgment appealed from, which is all that the appellate court can consider. The appellate court cannot carry into effect its own order, but its decision must be certified to the probate court which proceeds in conformity therewith. (R. S. 1879, secs. 297, 300.)

*Appeal from Phelps Circuit Court.*—HON. C. C. BLAND, Judge.

REVERSED.

*T. K. Skinker* for appellants.

(1) The orders of the circuit court of February 16, 1887, and August 6, 1887, were both erroneous because they undertook the one to direct and the other to

approve the sale of the remaining assets in the hands of the administrators. R. S. 1879, secs. 241, 292, 297, 299, 300; *Baker v. Runkle,* 41 Mo. 391; *Seymour v. Seymour,* 67 Mo. 303; *North v. Priest,* 81 Mo. 563; *Peters v. Clendenin,* 12 Mo. App. 521. (2) The circuit court erred in undertaking to make a final settlement of this estate, because none had been first made by the probate court. R. S. 1879, secs. 238, 239, 292, 300; *Baker v. Runkle,* 41 Mo. 391; *Seymour v. Seymour,* 67 Mo. 303; *North v. Priest,* 81 Mo. 563; *Wood v. Court,* 28 Mo. 119; *Peters v. Clendenin,* 12 Mo. App. 521. (3) The circuit court erred in acting upon the paper filed for a final accounting, because it was neither signed nor verified by the administrators. R. S., sec. 222. (4) The motion filed by the distributees August 3, 1887, to set aside the order of February 16, was in time. R. S., secs. 239, 241. The order of the sixteenth of February was not a final judgment or decision. Freeman on Judgments, secs. 12, 29; *State v. Satterfield,* 54 Mo. 391. Wherever there is a judgment or decision not final in its nature, objection may be taken to it notwithstanding the lapse of term. *Terminal Co. v. Railroad,* 94 Mo. 535; *McDonough v. Nicholson,* 46 Mo. 35; *Dutcher v. Hill,* 29 Mo. 271; *Matter of Marquis,* 85 Mo. 617; *Fourniquet v. Perkins,* 16 How. 82; *Davis v. Roberts,* 1 Smed. & M. Ch. 543. To be exempt from the power of the modification or rescission at a subsequent term, a judgment or decision must be final. *State v. Court,* 51 Mo. 522; *Peake v. Redd,* 14 Mo. 79; *Ashby v. Glasgow,* 7 Mo. 320; *Danforth v. Lowe,* 53 Mo. 217; *Bloss v. Tacke,* 59 Mo. 174; *Wooldridge v. Quinn,* 70 Mo. 370; *Bell v. Kelly,* 17 N. J. L. 270. (5) The objection taken August 6, 1887, to the report of the sale was in time. (6) The circuit court erred in excluding the evidence offered by the distributees to show that the administrators had agreed to act without charge. Such an agreement is lawful and will be enforced. *Bate v. Bate,* 11 Bush, 639; *McCow v. Blewitt,* 2 McCord Ch. 103;

*Estate of Davis*, 65 Cal. 308 ; *Matter of Hopkins*, 32 Hun, 618 ; 2 Woerner on Admin., p. 1172 ; *Bassett v. Miller*, 8 Md. 548. ( 7 ) The order of February 16, 1887, was not a consent order.

*L. F. Parker* for respondents.

( 1 ) The case was properly appealed to the circuit court. R. S. 1879, sec. 292. ( 2 ) That appeal took the whole proceeding into the circuit court. R. S., sec. 292. In this case the order of distribution was final, and must have been appealed from then, or not at all. *Seymour v. Seymour*, 67 Mo. 303 ; *Bank v. Reilly*, 8 Mo. App. 544. ( 3 ) Neither at the trial in the probate court nor until after a hearing has been had upon the merits in the appellate court is any question made that the statement filed as a final accounting was not signed and sworn to. This is not a jurisdictional matter, and was waived by not raising the question at or before the hearing upon the merits. *Burdsal v. Davies*, 58 Mo. 138 ; *Peake v. Bell*, 65 Mo. 224 ; *Lang v. Talley*, 91 Mo. 305. ( 4 ) The offer to introduce evidence at the August term, 1887, and after final judgment came too late, no attempt having been made to show any diligence, and no reason given why such evidence was not offered at the hearing the preceding February. ( 5 ) It was discretionary with the trial court to reopen the question arising upon the objections to respondents' final accounting after one hearing had been had and finding made—and that discretion having been soundly exercised—this court will not interfere with it. ( 6 ) The order of February 16, 1887, was either a consent order or an order and finding upon a hearing had. In either event, then was the time and that was the place to introduce any testimony that the objecting distributees desired to offer. ( 7 ) If the appeal was premature, such irregularity has been waived, by the objecting distributees by appearing and consenting to a judgment

in the circuit court, or by appearing and proceeding to trial without objection. *Lang v. Talley*, 91 Mo. 305. (8) All objections to the finding of the court on respondents' final accounting as well as the right to appeal from or question the judgment rendered thereon have been waived by appellants by collecting and receiving the amount of said judgment. *Cassell v. Fagin*, 11 Mo. 207 ; *Chase v. Williams*, 74 Mo. 429 ; *Robards v. Lamb*, 76 Mo. 192.

BLACK, J.—The plaintiffs, Branson and Owens, as administrators of the estate of David Branson, filed in the probate court of Phelps county their final settlement, to which four of the heirs filed exceptions. The issues thus made were heard by the probate court on the ninth of September, 1886. Some of the exceptions were sustained and others overruled. The judgment of the probate court is to the following effect : *First.* That the administrators stand charged with the sum of $4,024.64; *second,* that they pay designated allowed demands; *third,* that they pay to each distributee $508.57 ; *fourth,* that they sell the uncollected notes and accounts and some other personal property and report at the next November term ; and the order concludes by continuing the settlement to the next term for final approval. The administrators appealed from the foregoing order at the term at which it was made.

The controversy was heard anew in the circuit court at its February term, 1887. It seems the probate court overlooked a prior order directing the administrators to pay to each distributee the sum of $240. The circuit court corrected this error, but the amount adjudged to be in the hands of the administrators is the same as that found to be due by the probate court. No further steps were taken in the case at that term of the circuit court ; but at the following August term the administrators made a report of their sale of notes and accounts, exhibited receipts from all of the distributees for amounts

ordered to be paid under former orders of the probate and circuit courts, and the circuit court then made an additional order of distribution of the proceeds arising from the sale of notes and accounts, and discharged the administrators. The defendants at that term filed various motions and took a bill of exceptions, and appealed to this court.

1. The first contention on the part of the defendants is that the appeal from the probate court was taken before that court had rendered any final order or judgment on the settlement, and for that reason the circuit court acquired no jurisdiction of the case.

That appeals may be taken from the probate court on all final settlements and from all orders making distribution, cannot be doubted. But the contention is that the order of distribution and order settling the accounts are distinct orders, and the order settling the account was continued until the next term of the probate court, so that there was no final adjudication. The order of the probate court continuing the settlement to the next term for final approval was made pursuant to section 241, Revised Statutes, 1879, which provides that, at the time of making the final settlement, "The court may, in its discretion, order the executor or administrator to sell at public auction all notes, accounts and choses in action, remaining in his hands, upon such terms as it may direct, and report the proceeds of such sale to the court at its next regular term, and said settlement shall be continued to such term."

Does this statute mean that the entire settlement shall remain open until the incoming of the report of sale of uncollected notes, or does it mean that the continuance is made for the sole purpose of disposing of the remaining matters necessary to be done before the administrators can be discharged? We think it means the latter, and for these reasons: The court, before making an order of sale, must determine finally the question as to what notes and accounts shall be credited

to the administrator; for it is the notes and accounts for which he receives credit that are to be sold. Again, the parties prepare for trial of the issues presented by the exceptions, and it cannot be said that the whole matter remains open after trial and judgment. The judgment entered by the probate court in this case is complete; it fixes the amount for which the administrators must account; it requires and calls for no subsequent approval whatever. The administrators, by the settlement, as presented by them, disclosed an indebtedness to the estate of $2,686, but the court increased the amount to $4,024. That judgment was final and conclusive as far as concerned any action of the probate court, and in our opinion the appeal was properly taken at the term at which the order was made; and this, too, though we treat the order as one concerning the final settlement only.

But there is another answer to the claim, that the circuit court acquired no jurisdiction of the controversy. The statute gives an appeal from "all orders making distribution." It can make no difference at what stage of the proceedings the order of distribution is made. A party deeming himself aggrieved is allowed an appeal from all such orders, whether made during or at the close of the administration proceedings. This seems to be conceded by counsel for defendants, but the claim is that an appeal from the order of distribution made in this case would not take with it the order concerning the statement of the accounts. To this proposition we do not agree. The order of distribution was but a result flowing from the order fixing the amount in the hands of the administrators. To review this order it was necessary to review the order fixing the amount due from the administrators, for the amount to be distributed depended on the amount in their hands. Cases may arise where these orders may be treated as separate and distinct, but that is not the case here. It follows that the circuit court did acquire jurisdiction to hear and

determine the entire controversy passed upon by the probate court.

2.   The case was heard and judgment rendered on appeal in the circuit court at its February term, 1887, but no motion for new trial or bill of exceptions was filed at that time.   At the following August term the defendants sought to have the administrators charged with commissions which had been allowed to them in the previous settlement, on the ground that they had agreed to administer the estate free from charges for their services ; but the evidence was excluded.

The judgment rendered by the circuit court at its February term gave to the administrators the commissions which the defendants now seek to have charged back.   That judgment is final and conclusive. It settles the right of the administrators to have the commissions so long as it remains in full force and effect.   The evidence was, therefore, properly excluded.   No timely appeal was taken from that judgment, and the judgment and proceedings in the circuit court leading to it are not before us for review.

It is true the circuit court made an order for the sale of the notes, accounts and stock, and directed the administrators to report to the next term of that court, and then made an order like that made by the probate court continuing the settlement to the next term for final approval ; but this continuance had reference to the future orders which the court supposed it had a right to make, and did not keep open the judgment then rendered.

3.   Exceptions were taken and duly preserved to the orders made by the circuit court at the August term, and the question arises whether that court could go on and close up the administration by receiving the report of sale of the notes and accounts, make an additional order for the distribution of the proceeds arising from that sale, and discharge the administrators.

The statute provides in express terms that the appeal in probate matters shall not be a *supersedeas* in any other matter relating to the administration of the estate, except that from which the appeal is specially taken; and the proceedings had in the circuit court must be certified back to the probate court. R. S. 1879, secs. 297, 300. It is, therefore, clear that the appellate court acquires jurisdiction only of the particular order or judgment appealed from. It is that order and that only which it can reconsider. Nor does the appellate court carry into effect its own order, but its decision is certified to the probate court, which proceeds in conformity therewith. 2 Woerner on Am. Law of Admin., p. 1202.

When the circuit court rendered its judgment on the matter from which the appeal was taken, its powers and duties ceased. It had no jurisdiction to go on as it did and complete the administration. That power and duty belonged to the probate court. It, therefore, follows that the orders made by the circuit court at its August term, 1886, must be and they are hereby reversed. To avoid any misunderstanding, it may be added that the judgment of the circuit court concerning the settlement and distribution stands in full force and effect and should be certified to the probate court. All concur.