## ARMSTRONG CASSITY'S APPEAL.

### Kansas City Court of Appeals, May 22, 1905.

ADMINISTRATION: Final Settlement: Appeal: Jurisdiction: Allowance. An executor made his final settlement which the probate court revised and entered judgment on. Thereupon the executor appealed to the circuit court. Pending the appeal the executor's attorney filed a demand in the probate court against the estate and also a motion in the circuit court asking that the cause be remanded to the probate court for hearing and adjustment of his demand. *Held*:

(1) That on the appeal to the circuit court the probate court lost all jurisdiction of the estate and the filing of the demand in that court was nugatory.

(2) That the jurisdiction of the circuit court was limited to the matters brought up to it by the executor's appeal.

(3) And that the order of the circuit court remanding the case to the probate court was without jurisdiction.

Appeal from Linn Circuit Court.—*Hon. John P. Butler*, Judge.

REVERSED AND REMANDED (*with directions.*)

*O. F. Libby, T. M. Brinkley, H. K. West*, and *A. W. Mullins* for appellants.

(1) When the claim in question was filed in the probate court by the intervener—respondent here—for allowance against the estate of Presley Pound, deceased, that court had no power to entertain or adjudicate it, for the reason (amongst others) that final settlement had been made by the executor, the same revised by the court and by the court as so revised, approved and distrubution ordered. Appeal deprived the probate court of all jurisdiction with respect to any matter relating to or affecting said estate. Burgess v. O'Donoghue, 90 Mo. 299; State ex rel. v. Anthony, 65 Mo. App. 543; Ober-

koetter v. Luebbering, 4 Mo. App. 481; County v. Hixon, 44 Mo. 341; R. S. 1899, sec. 278, 285; 2 Woerner on Am. Law of Adm. 1202. (2) The jurisdiction of the circuit court was limited to and it had power to pass on and adjudicate only the matters brought to it by the executors' appeal. (3) The action of the circuit court, with respect to the intervenor's petition and, in that connection, setting aside the final settlement and remanding the cause to the probate court with direction to that court to hear and adjudicate the intervener's said claim and account, is manifest error, and should be reversed and set aside by this court. Branson v. Branson, 102 Mo. 613, 620; 2 Woerner on Am. Law of Adm., 1202.

*E. R. Stephens,* intervener, respondent, *pro se.*

(1) This court has no jurisdiction over this cause respecting the action of the circuit court as to the intervener therein, therefore, this appeal should be dismissed. R. S. 1899, sec. 806 and 808; Clelland v. Shaw, 51 Mo. 440; Randolph v. Manck, 78 Mo. 468. (2) The final settlement made in the probate court was premature, and not conclusive, as the claim of intervener was pending in the circuit court at Brookfield against the executor before the same was made, besides the appeal by the executor to the circuit court possessed it of the cause as if it had originated there, "to proceed to hear, try and determine the same anew, without regarding any error, defect, or other imperfection in the proceedings of the probate court." Appellant's citations are not in point. R. S. 1899, sec. 233; R. S. 1899, secs. 285 and 286; Ferry v. McGowan, 68 Mo. App. 616. (3) The circuit court was possessed of this cause on appeal as if it had *originated there,* which gave it the power to set aside the final settlement and order the administration completed, and to order its judgment certified to the probate court. R. S. 1899, sec. 233; Perry v. McGowan, 68 Mo. App. 616; R. S. 1899, sec. 286. (4) Appellant's position is not

tenable. The claim of intervener was not a debt in existence at the time of the death of the deceased. Intervener's claim is not a demand proper against decedent's estate, but against the executor. Stephens v. Cassity, 104 Mo. App. 212, 213. (5) Intervener's claim was pending in the circuit court at Brookfield on twenty-fifth of April, 1902, prior to the final settlement, and remained pending there, and in this court on appeal until January, 1904, when this court affirmed the judgment of the circuit court, then afterwards on the fifth day of January, 1904, he gave the executor notice of presentment of his claims in the probate court. Clark v. Loan Co., 46 Mo. App. 248; Cuomo v. St. Joseph, 24 Mo. App. 567; Bank v. Davidson, 40 Mo. App. 421; Stephens v. Cassity's Exec., 104 Mo. App. 212, 213.

BROADDUS, P. J.—The original proceedings, to which the present controversy is an incident, arose in the probate court of Linn county, over the final settlement of Armstrong Cassity, the executor of the estate of Presley Pound, deceased. The final settlement tendered by the executor was approved, except as to certain claims of the executor, and distribution was ordered. The final settlement was made December 26, 1902, from which the executor appealed.

In April, 1892, E. R. Stephens, the intervener, instituted suit against the said executor in the circuit court to recover the sum of $1,200 for legal services "as the adviser and counselor for said executor." A demurrer was filed by the executor to the petition therein, which the court sustained, and rendered judgment against the plaintiff and for the costs of suit. From this judgment the plaintiff appealed to this court where the said judgment was affirmed on January 4, 1904. [See Stephens v. Cassity, 104 Mo. App. 210.] Immediately after the announcement of said decision, and while the appeal of the executor on the exceptions to his final settlement was pending in the circuit court, he filed his said

claim against the executor in the probate court. He also filed his petition in the circuit court asking that the matter of said final settlement be remanded to the probate court and that his claim filed in said court he heard and adjudicated. At the May term, 1904, of said circuit court the appeal from the probate court was heard. The decision was the same as that rendered by the probate court. All the parties to that proceeding submitted to the finding and judgment. The court, however, went further and remanded the case to the probate court with directions to hear and determine intervener's claim on file in that court, from which all the parties to the original proceeding on appeal excepted and appealed to this court.

The first contention of appellants is that, when the claim in question was filed in the probate court by the intervener for allowance against the estate of the deceased that court had no power to entertain or adjudicate it for the reason that the final settlement had been made by the executor, the same revised by the court and as so revised approved and distribution ordered; and that the appeal deprived the probate court of all jurisdiction with respect to any matter relating to or affecting the estate. After the final settlement had been made with the executor, and appealed from, the probate court lost jurisdiction of the estate while the matter was pending in the circuit court, therefore the filing of intervener's claim while the appeal was so pending conferred no jurisdiction on the former to adjudicate it. It was a nugatory act. In Burgess v. O'Donoghue, 90 Mo. 299, it is held: "An appeal to the Supreme Court from a judgment of the circuit court invests the Supreme Court with, and deprives the circuit court of, all jurisdiction over the cause," etc. [See also, State ex rel. v. Gates, 143 Mo. 69; Spalding v. Bank, 78 Mo. App. 374.]

Secondly, appellants insist that "the jurisdiction of the circuit court was limited to, and it had power to pass on and adjudicate only the matters brought to it by the

executor's appeal." If any authority is needed to sustain the proposition it will be found in Branson v. Branson, 102 Mo. 613, and 2 Woerner's Amer. Law of Administrators, p. 1202, section 547.

The intervener's claim was not in any way connected with the final settlement, the matter on appeal from the probate court, and could not by any means be injected into the case. The circuit court was restricted to the matters and things appealed from. It was an attempt to exercise jurisdiction without authority of law, and as such its action remanding the case to the probate court, which also had no jurisdiction, as herein stated, to hear and determine intervenor's claim, was void.

As the questions already determined are conclusive of the case, it is unnecessary to notice other points made by appellants.

The cause is reversed with directions to the court to set aside so much of its judgment as remands the cause to the probate court to hear and determine intervener's claim. All concur.