RE ESTATE OF LULA HAMILL: ANNA L. HAMILL, Guardian, v. EVA A. JONES, Executrix, Appellant.

Division One, October 11, 1926.

1. **EVIDENCE: General Objection: Incompetent for Any Purpose.** A party is not entitled on appeal to have a general objection to admitted evidence converted into a pointed and specific objection. In the trial of exceptions to the final settlement of the guardian of the estate of Lula Hamill, an objection to the final settlement of the executor of the estate of J. M. Hamill, which showed there was due to Lula Hamill, widow and distributee, $7,168.34 and a payment of said amount to himself as appointed guardian of Lula Hamill, that it is "incompetent for any purpose in the case," cannot on appeal be considered as a specific objection that no connection or relation is shown between the estate of J. M. Hamill and the estate of Lula Hamill, nor can said general objection be considered a specific objection that the Lula Hamill, widow and distributee, referred to in the final settlement of the executor of the estate of J. M. Hamill, may or may not be the Lula Hamill whose estate was under consideration in the trial of the exceptions to the final settlement of the guardian of the estate of Lula Hamill.

2. **IDENTITY OF NAMES: Presumption: Burden.** Identity of name is prima-facie evidence of identity of person; and a presumption arises that Lula Hamill, mentioned as the widow and distributee in the final settlement of the executor of the estate of J. M. Hamill, was the Lula Hamill of whose estate the same executor was guardian, and to whom said settlement showed there was due a definite sum of money in his hands as her appointed guardian; and the burden is upon the party objecting to the offer of such final settlement in evidence to overcome such presumption.

3. **FINAL SETTLEMENT: Exceptions Sustained: Appeal: Indefinite Judgment.** Upon an appeal from a judgment of the probate court sustaining exceptions to the final settlement of an executor, the exceptions are triable anew in the circuit court, and its judgment should not be a mere recital that the exceptions are sustained in the amount adjudged by the probate court, but should be definite in its findings and sufficiently specific to inform the probate court how to proceed; and especially so where there are numerous exceptions directed to the failure of the executor to charge himself as such with claimed distributive shares, each of which raises its own issue. And though the evidence sustains the general conclusion set forth in the judgment of the circuit court, it cannot be affirmed, if it is incomplete and indefinite in reference to the entering into the total sum of the appraised value

of certain articles, notes, certificates of stock, and claims or credits for money due the estate, and is really no guide to the probate court upon these disputed issues.

Corpus Juris-Cyc. References: **Appeal and Error,** 3 C. J., Section 639, p. 746, n. 16; Section 733, p. 819, n. 26; Section 800, p. 892, n. 27; p. 893, n. 29. **Courts,** 15 C. J., Section 443, p. 1023, n. 93; p. 1024, n. 8, 9. **Evidence,** 22 C. J., Section 32, p. 92, n. 52. **Executors and Administrators,** 24 C. J., Section 2474, p. 1020, n. 1. **Judgments,** 33 C. J., Section 133, p. 1201, n. 23; Section 147, p. 1209, n. 20; p. 1210, n. 23.

Appeal from Jefferson Circuit Court.—*Hon. Elbridge M. Dearing,* Judge.

REVERSED AND REMANDED.

*Clyde Williams* and *E. C. Edgar* for appellant.

(1)  The court erred in admitting in evidence the final settlement of the estate of J. M. Hamill.  (2)  The judgment does not designate the amount of recovery, neither does it designate the property to be affected thereby.  Secs. 49, 50, 494, 289, 290, R. S. 1919; Coulter v. Lyda, 102 Mo. App. 413; 23 Cyc. 789, 793.

*Leahy, Saunders & Walther* and *S. M. McKay* for respondent.

(1)  The point that the court erred in admitting in evidence the final settlement of the J. M. Hamill estate, because there was no connection shown between the estate of J. M. Hamill and the estate of Lula Hamill, is without merit, for the reason that the said settlement showed the amount of $7,168.34 due Lula Hamill as distributee. Identity of name raises the presumption of identity of person without further showing.  Brooks v. Roberts, 281 Mo. 551; Jones v. Hummelberger-Harrison Lbr. Co., 223 S. W. 63; Huston v. Graves, 213 S. W. 77; Gitt v. Watson, 18 Mo. 274; State v. Kelsoe, 76 Mo. 505; Long v. McDows, 87 Mo. 197; Hoyt v. Davis, 21 Mo. App. 235.  (2) The point that the judgment is insufficient has been removed from the case by the action of the trial court in correcting the judgment *nunc pro tunc.*

LINDSAY, C.—This suit originated in the Probate Court of Jefferson County, upon exceptions filed by Anna L. Hamill as guardian of Lula Hamill, a person of unsound mind, to the final settlement filed by Eva A. Jones, as executrix in charge of the estate of Roscoe B. Jones, deceased, who, at the time of his death, on January 1, 1921, was guardian of the person and estate of said Lula Hamill.  Eva A. Jones, as executrix in charge of the estate of Roscoe B. Jones, deceased, filed settlement of the estate of Lula Hamill on April 3, 1921. In this settlement, she charged herself as follows:

| | |
|---|---:|
| Original amount due the said estate as shown by inventory filed in probate court ................... | $ 8,000.00 |
| Amount received from sale of merchandise and inventoried in excess of the appraised value ....... | 100.00 |
| Amount received in cash from J. M. Hamill estate.. | 417.80 |
| Cash deposited in Peoples Bank of De Soto, to the credit of said estate: the source from which it came is not known to this affiant, amounting to ........ | 4,390.95 |
| Total amount | $12,908.75 |

As against that, she claimed credit in her settlement for items amounting to $12,018.75, leaving a balance due the estate of Lula Hamill of $890.

The respondent here filed her exceptions to said settlement. These exceptions were four in number. The first exception was to Item 45 of the settlement, the credit of an allowance of $750 to the guardian, for services. The ground of the exception was that said Roscoe B. Jones, by illegal and unlawful acts, had caused the estate of Lula Hamill to become insolvent. The second exception was to Item 48, wherein the guardian claimed credit for $1,400 as for seven shares of stock in the First National Bank of St. Louis. The grounds of the exception were that said Roscoe B. Jones at no time had charged himself with seven shares of stock, or its equivalent, in the sum of $1,400, and also that by his illegal and unlawful acts he had caused the estate of Lula Hamill to become insolvent. The third exception was against Item 49 of the settlement, wherein the guardian had taken credit for "cash deposited in the Peoples Bank of De Soto, subject to claim of guardian, $7,555.52." The grounds of this exception were that the Peoples Bank of De Soto was insolvent, and in charge of the Banking Department of the State of Missouri; that the said Roscoe B. Jones, by his illegal and unlawful acts, had caused the estate of Lula Hamill to become insolvent, and had caused said Peoples Bank of De Soto to become insolvent, and knew at the time he deposited said money in that bank that it was insolvent, and that he permitted the funds of his ward to remain uninvested and in said Peoples Bank, when he knew said bank was insolvent; that the said executrix as the legal representative of Roscoe B. Jones, deceased, could not be given credit for said sum, unless she was actually able to turn the same over to respondent. The ground of the fourth exception was that Eva A. Jones, in said settlement, had failed to charge Roscoe B. Jones with the sum of $7,168.34, received by him from Lula Hamill, from the estate of J. M. Hamill, deceased. The exceptor claimed that the total amount of assets of said estate was $20,077.09; that the amount lawfully disbursed as claimed in

said settlement was only $2,313.23, and that there was a balance of
$17,763.86 due to the estate of Lula Hamill.

The printed abstract of the record does not set forth the judgment
of the probate court, entered upon said exceptions, but it is merely
stated that on May 7, 1921, the probate court disapproved said settle-
ment, and ordered the executrix to make a new settlement and pay
over to said Anna L. Hamill the sum of $13,233.31. From that
judgment, the executrix was granted an appeal to the circuit court.
A trial was had, and on June 11, 1923, the circuit court entered its
judgment in which it was recited that the exceptions of Anna L.
Hamill to the settlement of Eva A. Jones, as executrix of the es-
tate of Roscoe B. Jones, deceased, who was the guardian of the estate
of Lula Hamill, were sustained, and it was ordered that the said
executrix ''carry the sum of $——— into the residue of said es-
tate, and restate her account for the settlement of the estate of Lula
Hamill accordingly.'' In that state of the record, the executrix was
granted an appeal to this court. In that state of the record, an ab-
stract of the record, on appeal, was filed here, and brief for the ap-
pellant filed.

Upon the trial in the circuit court, the exceptor to the settlement
introduced in evidence the final settlement of the estate of J. M.
Hamill, deceased, made by said Roscoe B. Jones, as executor in charge
of the estate of J. M. Hamill, deceased. The admission of this settle-
ment in evidence is assigned as error. The other errors assigned and
insisted upon in the brief of appellant, are the general one, that the
court erred in sustaining the exceptions to the settlement, and, that
the judgment does not designate the amount of recovery, nor desig-
nate the property to be affected thereby.

After the foregoing, the respondent filed an additional abstract of
the record, showing that at the January term, 1926, of the Circuit
Court of Jefferson County, the judgment theretofore entered in said
cause, was amended, *nunc pro tunc*, to designate the amount, and
that said judgment as so entered, following the recital of the original
judgment, ordered that the exceptions of Anna L. Hamill to said
settlement, be and were sustained, and that the executrix, Eva A.
Jones, carry the sum of $13,233.31 into the residue of the estate of
Lula Hamill and restate her account accordingly. Since the filing
of said printed additional abstract, attorneys for appellant have filed
here the term bill of exceptions, taken by them, and filed in the cir-
cuit court, setting forth the proceedings had in the making of the
*nunc pro tunc* order aforesaid, and showing their objections thereto.
Incorporated in this term bill of exceptions is a copy of the judg-
ment of the probate court. This judgment will be set out further on,
and used by way of interpretation of the judgment entered by the

circuit court, and also in connection with items referred to in the evidence.

The final settlement of Roscoe B. Jones as executor of the estate of J. M. Hamill, deceased, showed the distributees of that estate and the amounts respectively due them, and showed that there was due to Lula Hamill, widow, the sum of $7,168.34. This is the subject of the fourth exception above referred to. This settlement also set forth the items going to make up said sum of $7,168.34 as follows:

| | |
|---|---:|
| U. S. Liberty Bonds ............................. | $ 5,000.00 |
| U. S. Savings Stamps ........................... | 84.60 |
| Note signed by E. S. Hamill ..................... | 289.80 |
| (14) Fourteen shares stock First National Bank of St. Louis, originally appraised at $2,500.00 less 7 shares sold at $1,498.86 .................. | 1,001.14 |
| Diamond Ring, $250.00, watch $25.00, H. H. Goods, $100.00 ....................................... | 375.00 |

The settlement recites that all were delivered to the guardian of Lula Hamill. The guardian of Lula Hamill, at that time, was the executor who made the settlement. The record of the probate court was introduced, showing the filing, examination and approval of the final receipts, and the discharge of Roscoe B. Jones as executor. There was also introduced in evidence in the circuit court, the inventory and appraisement of the personal property belonging to Lula Hamill, made by said Roscoe B. Jones, as her guardian, on February 13, 1920. This showed a stock of merchandise in the city of De Soto with fixtures, appraised at $8,000.

It will be remembered that, in what was set out heretofore of the settlement in question, made by Eva A. Jones as executrix of Roscoe B. Jones, deceased, she charged herself with the appraised value of this stock of merchandise, $8,000, and also with the additional sum of $100 received therefor upon sale, in excess of the appraised value. Having set out these matters, we now set forth the judgment entered by the probate court upon the hearing of the exceptions, to the settlement, as it is shown in the term bill of exceptions, as follows:

"Now on this day the court takes up the testimony and arguments of counsels, made on the 30th day of April, 1921, and upon the investigation and due consideration, the court doth order that the settlement of Eva A. Jones, Executrix of the estate of Roscoe B. Jones, deceased, who was the guardian of the person and estate of the said Lula Hamill, be and is hereby disapproved and rejected, and find that the estate of Roscoe B. Jones, deceased, be and is hereby charged to the amount of $15,268.34, as guardian of the person and estate of the said Lula Hamill, and that the said estate of Roscoe B. Jones, deceased, have credit for legal disbursements as shown by vouchers now on file, to the amount of $2,313.23, provided Eva

A. Jones, Executrix of the Estate of Roscoe B. Jones, deceased, files the proper receipt of Ely Walker Dry Goods Company, for allowed demand, and leaving a balance to the amount of $12,955.11 at 4% interest equals to $518.20, a total balance of $13,373.31, due the estate of said Lula Hamill, less $150 for Guardian's compensation to handle and take care of said ward and her Estate, leaving a net balance to the amount of $13,233.31 due the Estate of said Lula Hamill.

"It is therefore ordered and adjudged by the court, that the said Eva A. Jones, Executrix of the Estate of Roscoe B. Jones, deceased, for the said Roscoe B. Jones, deceased, who was the Guardian of the person and Estate of the said Lula Hamill, to make and file a new settlement pay over and deliver to Anna L. Hamill, Guardian appointed of the person and estate of the said Lula Hamill, successor to Roscoe B. Jones, deceased, the said Estate to the amount of $13,233.31, which consists of seven shares of stock in the First National Bank of St. Louis, Mo., U. S. Liberty Bonds, War Savings Stamps, Note, Diamond Ring, Watch, H. H. Goods and cash, and take her receipt therefor. And upon filing the said receipts with this our Probate Court, the Estate of Roscoe B. Jones, deceased, will be thereby released and discharged."

From the foregoing judgment, entered by the probate court, we ascertain that the probate court charged the executrix of Roscoe B. Jones with the sum of $8,100, the amount for which the inventoried merchandise was sold, and with the sum of $7,168.34, the amount to be paid to Lula Hamill, as distributee of the estate of J. M. Hamill, deceased. These two sums added make the sum of $15,268.34, mentioned in the judgment of the probate court. The probate court allowed credit for the items in the settlement of Eva Jones about which there was no dispute, to the amount of $2,313.23. That court also charged executrix Eva Jones with interest at four per cent upon the net sum, and allowed $150 as compensation to the guardian, instead of the sum of $750, the subject of the first exception, producing a net balance due the estate of Lula Hamill, of $13,233.31. The probate court, in its judgment also made reference to the shares of stock, and bonds, and the articles which went to make up the total, the same being the properties and articles mentioned in the final settlement of the estate of J. M. Hamill, and part of the distributive share of Lula Hamill in that estate. The judgment of the circuit court, even as amended, made no findings, and gave no directions, showing the items entering into the total of $13,223,31, or pointing out how the account should be stated, so as to reach that result.

Error is assigned in that the final settlement of the estate of J. M. Hamill, deceased, made by Roscoe B. Jones, was admitted in evi-

dence. When the settlement was offered, the only objection made was that it was "incompetent for any purpose in this case." The ground urged here is that there is no connection or relation shown between the estate of J. M. Hamill, deceased, and the estate of Lula Hamill, or, it is suggested that the Lula Hamill, widow and distributee and referred to in the final settlement of the estate of J. M. Hamill, deceased, may or may not be the Lula Hamill, whose estate is here under consideration. The contention is without merit. The objection made in the trial court was too general. If there was any claim to be made that the Lula Hamill mentioned in the settlement of J. M. Hamill, deceased, was not the Lula Hamill whose estate is here in controversy, the objection should have been specific and should have raised that question. "If the objections are specified and pointed out on the trial at the court below, the party offering the evidence may obviate them at once; but it will not do for a party to content himself with the general objection in the court below, and then make a special, pointed objection for the first time in this court." [Buckley v. Knapp, 48 Mo. 1. c. 164.] Cases without number along the same line could be cited, but it is not necessary to do so. Under the circumstances disclosed, the presumption arose that Lula Hamill mentioned as the widow and distributee in the settlement and estate of J. M. Hamill, deceased, made by Roscoe B. Jones, as executor, was the Lula Hamill of whose estate Roscoe B. Jones was guardian. The identity of name was prima-facie evidence of identity of person. [Brooks v. Roberts, 281 Mo. 551; Huston v. Graves, 213 S. W. 77; State v. Kelsoe, 76 Mo. 505.] The duty devolved upon appellant to overcome the presumption raised. [Hunt v. Searcy, 167 Mo. 158.]

There is evidence in the record of the issuance and reissuance of certificates of stock of the Third National Bank of St. Louis to J. M. Hamill, prior to the year 1919; of the surrender of such certificates in 1919, and reissuance in that year to Roscoe B. Jones, as executor of J. M. Hamill, deceased; and of the surrender of certificates issued to Roscoe B. Jones as such executor, and reissuance in 1921, of seven shares of said stock to Roscoe B. Jones as curator of the estate of Lula Hamill, *non compos.* Manifestly, the contention made now comes too late—is insubstantial, and wholly technical.

It is not necessary to review extensively the other evidence in the case. The evidence set forth in the record shows that the Peoples Bank of De Soto was closed about December 20, 1920; that thereafter and at the time of the trial said bank was in charge of the Banking Department of the State; that Roscoe B. Jones was cashier of said bank at the time it was closed and had been for several years; that said bank was insolvent, and had been insolvent for a considerable period. The evidence shows that at the time said bank was closed, there was shown on its books to the credit of Roscoe B. Jones, as

guardian of Lula Hamill, the sum of $7,557.52. The agent in charge of the bank testified that this could not be paid. There was testimony as to various sums deposited to said account or withdrawn therefrom, in the period preceding the closing of the bank, but it is ·not necessary to go into the details of those transactions. There is abundant evidence in the record to sustain the exceptions to said settlement, and to sustain the finding that there were money and assets to the amount of $13,233.31, not accounted for in the settlement as offered. This sum as appears from the order of the probate court, and from what has been said heretofore, includes the moneys or credits mentioned by the probate court, the property mentioned, at its appraised value, and the interest charged by the probate court against the guardian.

Upon the appeal from the judgment of the probate court, the case was lodged with the circuit court for trial *de novo,* under the provisions of Sections 289, Revised Statutes 1919, and it was the duty of the circuit court, upon the issues made upon the exceptions to the settlement, to ''proceed to hear, try and determine the same anew, without regarding any error, defect or other imperfection in the proceedings of the probate court.''

Upon the hearing of the issues upon an appeal from the probate court to the circuit court, it is the judgment of the circuit court which determines and defines the rights of the parties. That determination having been made and entered of record, the clerk of the circuit court is required, under Section 291, Revised Statutes 1919, to ''certify a transcript of the record and proceedings and ·the original papers to the court whence the appeal was taken, who shall proceed according to the decision of the circuit court.'' For that purpose the judgment of the circuit court should be definite in its findings, and in its directions so as to inform the probate court how to proceed. The. judgment of the circuit court in this case as amended, shows no more than the statement that the court sustained the exceptions and then ordered that the sum of $13,233.31 be carried into the residue of the estate. There were four exceptions. Three of them were directed against credits claimed by the executrix. The other was an exception to the failure of the executrix to charge herself, as such, with the distributive share of the estate of J. M. Hamill, deceased. Each of these exceptions raised its own issues. The manner of determination of each issue, and the resultant factors going to make up the corrected account of the executrix, and determine the balance due, should have been so stated as to be a guide to the probate court. in respect to those matters. It is true the judgment of the probate court shows the items adopted by that court in reaching those conclusions, but the circuit court merely stated the same conclusion in a general way.

We hold that the evidence sustains the general conclusion, but the judgment of the circuit court, as entered, should not be affirmed, because it is incomplete and indefinite. Entering into the total sum stated, are certain articles at their appraised value, a note, certificates of stock, as well as credits or claims for money due the estate. On that account we should not undertake to enter a judgment here, and we conclude that the judgment, as entered, should be reversed, and the cause remanded, and that the circuit court should make additional investigation if need be, of the status of the articles and property belonging to the estate of Lula Hamill, and thereupon enter judgment for the respondent, making therein such findings and such orders, as will make its judgment definite and complete. [23 Cyc. 289-293.]

To that end the judgment is reversed and the cause remanded for such proceeding. *Seddon C.,* concurs.

PER CURIAM:—The foregoing opinion by LINDSAY, C., is adopted as the opinion of the court. All of the judges concur, except *Graves, J.,* absent.