STATE EX REL. W. T. ROSE, APPELLANT, v. G. H. FRY, JUDGE PROBATE COURT, RESPONDENT.—67 S. W. (2d) 550.

Kansas City Court of Appeals. December 4, 1933.

*M. T. January* and *J. T. Journey* for appellant.

*Dan Gibson, D. C. Chastain* and *J. R. Moss* for respondent.

TRIMBLE, J.—Relator W. T. Rose brought a proceeding in prohibition against G. H. Fry, Probate Judge of Vernon County, Missouri, to prohibit said probate judge from compelling said Rose, as guardian of his four children, to make a final settlement as such guardian in said probate court. Respondent duly appeared and, instead of making a return to the preliminary writ, demurred to the petition therefor, because it did not state a cause of action nor show that relator had any right to a writ of prohibition either provisional or permanent. The demurrer was by the court sustained and

relator declining to plead further, the permanent writ was denied and the preliminary writ quashed. From this, the relator has appealed.

The petition alleged that some days prior to the 25th of February, 1931, the four children of W. T. Rose and claiming to be his wards, applied to respondent Fry, as judge of said probate court, for a citation to relator Rose requiring him to appear in said court on February 25, 1931, and file a final settlement as guardian of said wards and to show cause why he should not be punished for failure to file such settlement sooner; that pursuant to said citation, said Rose appeared in the probate court and filed written answer setting up that in 1906, he, W. T. Rose, deeded to his said children eighty acres of land in Vernon County, Missouri, and had himself appointed as their natural guardian, and qualified as such; that afterwards he filed a petition in said court for the sale of said land for reinvestment; that such sale, and a report thereof, was made and the net proceeds of said sale were $1400; that at the time the oldest of said children was forty-two years of age and the youngest was twenty-nine, and that after each one of said children had arrived at his or her majority, he, relator, had paid each of said children sums of money far in excess of any sum that might have been due from the sale of said land; and that the claims of said wards were all barred by the Statute of Limitations; that thereupon the wards filed a pleading denying generally the allegations of their guardian's answer, and set up that their said guardian was indebted to them in sums varying from two thousand to three thousand dollars each, arising out of the net proceeds of the sale of the land. Upon the issue thus made before the probate court, the latter, at an admission by said wards that the oldest was forty-three, the next thirty-eight, the next thirty-four and the youngest twenty-nine years of age, found that any claim or claims that any of said minors may have had against said W. T. Rose, have long since been barred by the Statute of Limitations; and discharged said Rose from said citation. An appeal was taken from this judgment of the Probate Court to the Circuit Court of Vernon County, Missouri. It is asserted than then Ross filed a motion for judgment on the pleadings which was overruled. (Said motion, as well as a motion to dismiss the appeal said to have been filed, are alleged to have been overruled by the said Circuit Court of Vernon County, but neither of them has been preserved in the record herein.)

It is further alleged in the petition for the writ of prohibition that thereafter a change of venue was taken to the Circuit Court of Bates County, where, on a hearing, the motion to dismiss appeal was overruled as was the motion for judgment on the pleadings, and that the Circuit Court of Bates County, on February 12, 1932, rendered a judgment which, among other things, recited that—

"On the merits of the appeal it is ordered by the court that the judgment of the Probate Court of Vernon County, wherein the respondent as guardian was excused from making settlement of his ward's estate on account of the alleged fact that the Statute of Limitations had run and that he was thereby excused from making a final settlement, is by the court reversed and the court holds that said guardian is required to make settlement of his guardianship in the Probate Court of Vernon County and this cause is remanded to said court for that purpose. It is further ordered by the court that the clerk of this court return the files in this action to the clerk of the Probate Court of Vernon County together with a copy of the order and judgment of this court."

Said petition for the writ also alleges—

"That in obedience to said judgment the files in the case were duly transmitted back to the Probate Court of Vernon County, Missouri; that obeying the order of said Circuit Court of Bates County the Probate Court of Vernon County again cited relator, W. T. Rose, to appear and file a final settlement in said estate on the fifteenth day of April, 1933, or show cause why he should not be attached."

That on said last named date all parties appeared in the probate court and after hearing arguments the said probate court rendered a judgment which among other things, recited that—

"The matter of requiring the guardian to make a final settlement in the cause was taken up and considered by the court, and the court being fully advised in the premises doth order the guardian to make and file the final settlement in this cause on or before May 6, 1933, to which date this cause is continued."

The petition of relator for the writ further alleged that—

"The appeal taken by said wards from the original judgment on the hearing of the first citation as aforesaid deprived the Probate Court of Vernon County, Missouri, of jurisdiction of the cause; and that jurisdiction thereafter was vested in the circuit court; that the order of the Circuit Court of Bates County reversing and remanding the case to the Probate Court of Vernon County for another trial was null and void and did not reinvest said probate court with jurisdiction to take any further proceedings in the case; that by the last ruling and order of said probate court above set forth, W. T. Rose, the relator herein, is compelled to appear and make a final settlement by May 6, 1933, or suffer the penalties provided by the statute for non-compliance.

"Wherefore, relator prays this court to issue a preliminary writ of prohibition to stop further proceedings in this cause pending the hearing of this application; and that at the final hearing the preliminary writ be made absolute, and for all further relief."

. Upon the sustaining of the hereinabove mentioned demurrer to the petition, the relator, refusing to plead further, stood on his petition. Thereupon the preliminary writ was quashed and the permanent was denied. Relator has appealed.

The basis of appellant-relator's claim of right entitling him to a writ of prohibition against the Probate Judge of Vernon County preventing him from issuing a citation to relator to come in and make a settlement is that when the appeal was taken from the probate to the circuit court the former court lost all further jurisdiction over the case which was appealed, and being without jurisdiction to proceed, in obedience to the judgment of the Bates Circuit Court, to order a citation to appellant as guardian to appear and make settlement, appellant is entitled to have the preliminary writ made permanent. Such claim of want of jurisdiction in said probate court is; however, untenable, and if appellant's minor premise fails, then his conclusion of right to the writ fails also.

It must be borne in mind that the order or judgment of the probate court appealed to the circuit court, determined only *one* question, i. e., that the guardian was *not* required to make a settlement. But the judgment of the circuit court on appeal reversed this and held that he *was* so required, and ordered the probate court to cite him to come in and do so. That was the only question then litigated.

The matter appealed from the probate court was clearly appealable under Section 284, Revised Statutes 1929. And Section 290, Revised Statutes 1929, says "the appeal . . . shall not operate *as a supersedeas* in any other matter relating to the administration of the estate *except that from which the appeal is specially taken;*" (last italics mine). And in Branson v. Branson, 102 Mo. 613, l. c. 620, Judge Black says:

"It is, therefore, clear that the appellate court acquires jurisdiction only of the particular order of judgment appealed from. It is that order and that only which it can reconsider. Nor does the appellate court carry into effect its own order, but its decision is certified to the probate court, which proceeds in conformity therewith. [2 Woerner on Am. Law of Admin., p. 1202.]" [See also In re Estate of Campbell v. Campbell, 274 Mo. 343; Harr v. Hawkins, 22 S. W. (2d) 209, 214.]

When the Bates Circuit Court decided the only question litigated, and of which it had jurisdiction on appeal, the order remanding the case to the probate court for the purpose of requiring the guardian to make settlement was as far as it could go. The guardian had never filed settlement, and the only court having jurisdiction of that was still the probate court. [Sec. 294, R. S. 1929; Branson v. Branson, supra; State ex rel. v. Bird, 253 Mo. 569; State ex rel. v. Woolfolk, 303 Mo. 589; In re Taylor's Estate, 5 S. W. (2d) 459; Hamell v. Jones, 287 S. W. 485.]

The judgment of the circuit court denying the permanent writ of prohibition is affirmed. All concur.