WALTER B. FRANKLIN, RESPONDENT, v. LOCAL FINANCE COMPANY, A CORPORATION, APPELLANT.—136 S. W. (2d) 112.

Kansas City Court of Appeals. January 29, 1940.

 

*Harry B. Jenkins* and *Walter A. Raymond* for appellant.

*Brennan & Fraker, Redmond S. Brennan* and *Lloyd R. Fraker pro sese.*

KEMP, J.—This is an appeal from an order of the circuit court setting aside an order of dismissal of the cause of action wherein a judgment in favor of plaintiff for $750 had been had in the justice court, where the suit was originally filed, to the extent of $375, which was the amount of the lien claimed by the movants, Redmond S. Brennan and Lloyd R. Fraker, as attorneys for plaintiff.

On October 1, 1937, plaintiff entered into a written contract with Brennan and Fraker, attorneys and movants herein, to represent him in the prosecution of a suit against Local Finance Company, defendant herein, for "actual damages $612.50, punitive damages $137.50 —$750," for conversion of certain personal property of the plaintiff. The plaintiff agreed to pay said attorneys, as compensation for their services, fifty per cent of whatever amount was obtained in "settlement of said claim either by suit or compromise." The contract further provided that "in case said first party shall settle or compromise said claim otherwise than through said attorneys, then said attorneys shall be entitled to a fee equal to that received by said first party, but said fee shall in no event be less than $100."

Said attorneys filed suit on behalf of plaintiff in the justice court of Gilbert P. Bourk, in Kaw Township, Jackson County, Missouri, seeking damages from defendant in the sum of $750 for the conversion of certain personal property set out in the petition. The petition was signed by Brennan and Fraker as attorneys for the plaintiff. Defendant was duly served with summons and thereafter, on the 16th day of November, 1937, a change of venue was granted upon the application of the defendant, and the cause was transferred to the justice court of Harry S. Davis, a justice of the peace in Kaw Township. The case was continued from time to time until December 29, 1937, on which date default judgment was rendered in favor of plaintiff in the sum of $750. Within the time allowed by law, defendant filed its affidavit and recognizance for appeal which was allowed to the circuit court of Jackson County at Kansas City.

Time for serving notice of this appeal would not expire until ten days before the first day of the May, 1938, term of the circuit court. Plaintiff's attorneys, movants herein, did nothing more about this

suit until after the time for serving notice of the appeal had expired. Some time within the first week of May, 1938, plaintiff's attorney Fraker called defendant's attorney Jenkins by telephone, stating that inasmuch as no notice of appeal had been served in the case he wanted the defendant to pay the judgment promptly, and upon defendant's refusal so to do he would file motion to affirm the same. Mr. Jenkins stated that he would look into the matter and let him know about it.

On May 11, 1938, Mr. Jenkins wrote Mr. Fraker a letter, in which he stated that on January 6, 1938, the plaintiff and plaintiff's daughter and Mr. Juett, an officer of the defendant company, came to his office and stated that they had reached an agreement to settle the case on the following basis: that the defendant was "going to turn the Packard car back to Franklin and he (Franklin) was going to accept it in full settlement of his claims and execute a new mortgage, with his daughter as a co-signer for the balance due. They were to pay him no money whatsoever, and he was to get the car back under a new schedule of payments and the case you (Fraker) refer to was to be dismissed."

Jenkins, in his letter, stated that he inquired of the plaintiff Franklin if he had taken the matter up with his attorneys and he stated that he had discussed it and that his attorneys knew all about it and had said to have him (Jenkins) draw he releases; that Jenkins was at the time engaged in a trial and had only a few minutes at his office; that although he tried, he was unable to get in touch with Fraker by telephone and that he dictated the release and a stipulation to dismiss and left his office; that his secretary completed the papers and turned them over to Mr. Juett who had them signed; that he had directed Juett that if the matter was closed up he should file his stipulation to dismiss and pay the costs; that he (Jenkins) had called Juett that morning (May 11, 1938) and that Juett stated that he had neglected to file the dismissal but was going to do so that day. He stated further, "My information is that Franklin still has the automobile and has been making his payments regular to the Local Finance Company."

The evidence showed that plaintiff's attorneys had not contacted their client since the date that default judgment was entered in the justice court, and further that until receipt of the letter from Mr. Jenkins they knew nothing of any settlement between their client and the defendant.

Plaintiff's counsel had filed a motion to dismiss the appeal just previous to the receipt of the letter from Mr. Jenkins advising them as to the settlement of the case. On May 11, the same day the letter was written, the stipulation for dismissal was filed by the defendant. Immediately after receipt of Mr. Jenkins' letter of May 11, plaintiff's attorneys withdrew their motion to dismiss the appeal, and on May 13, 1938. plaintiff's attorneys filed in said cause their motion to set aside

the order of dismissal "to the extent of their lien thereon in the sum of $375, and to award them an execution in said sum against the defendant."

On May 24, 1938, the motion came on for hearing before the court, both parties appearing, and the court having heard the evidence, found the issues in favor of the movants and made an order sustaining their motion and allowing the movants, as attorneys for plaintiff, the sum of $375 to be recovered, together with costs, of the defendant upon execution. Defendant, in due time, filed its motions for new trial and in arrest of judgment, which motions were thereafter duly heard and overruled, and defendant has now duly prosecuted this appeal.

We shall continue to refer to Messrs. Brennan and Fraker, attorneys for plaintiff, as movants, and to the appellant as defendant.

### OPINION.

Defendant urges on this appeal the following three points:

(1) The motion to set aside the dismissal states no cause of action for the relief sought, because it shows on its face, (a) that the judgment was not final, and (b) it affirmatively states no consideration was given by appellant for said dismissal.

(2) There was a total failure of proof, in that there was not only no proof of any proceeds of the original cause of action, but affirmative proof that there were no proceeds upon which said alleged lien might attach.

(3) Movants were entitled at most only to nominal damages, there being no evidence of the value of any consideration given by appellant for the dismissal.

Movants contend that none of the above points is before this court because they are not covered by defendant's motion for a new trial or motion in arrest of judgment.

The first ground set out in the motion for new trial is as follows, "Because the purported judgment of the Court is against the law and the evidence." Under the ruling of Hoppe v. Boerger, 116 S. W. (2d) 195, this assignment, although very general, is held to be sufficient to entitle an appellate court to determine whether the evidence, when applied to the pleadings, will permit the judgment to stand. The court there said (l. c. 199):

"In this case the court sat both as a chancellor and as a trier of the facts without the aid of a jury and with no declarations of law requested or given. Under such circumstances the only question to be raised on the whole record was whether the judgment was or might be sustained upon any legitimate theory in the case, and for such purpose the general assignment in the motion for a new trial was adequate."

Furthermore, defendant's motion in arrest of judgment set out the following grounds:

(1) That the petition of the plaintiff filed herein does not state facts sufficient to constitute a cause of action against this defendant.

(2) That upon the face of the record the so-called judgment is erroneous and void.

It would seem under the authorities that these assignments in the motion for new trial and in arrest of judgment, although very general, are sufficient to raise the points for review here. [Globe American Corporation v. Miller Hatcheries et al., 110 S. W. (2d) 393; Burns v. School District of Desolge, 50 S. W. (2d) 677; Municipal Securities Corporation v. Kansas City, 265 Mo. 252, 177 S. W. 856.]

But regardless of the contents of the motions for new trial and in arrest, the questions as to whether the motion to set aside dismissal stated *any* cause of action and whether there was *any* proof to sustain the cause of action are before us for review. In the case of Massey-Harris Harvester Co. v. Federal Reserve Bank of Kansas City, 48 S. W. (2d) 158, the court, in passing upon the question of the failure of a petition to state a cause of action, said:

"If neither party raises the point, it is the duty of the appellate court to raise it *sua sponte.*" [See, also, Streib v. Local Lodge No. 27 of I. B. of M., etc. (Mo. App.), 40 S. W. (2d) 519; Stewart v. Omaha Loan & Trust Co., 283 Mo. 364, 1. c. 376, 222 S. W. 808.]

We shall consider defendant's assignments in the order above set out.

The motion is, in part, as follows:

"On or about the 10th day of May, 1938, this cause was dismissed without the knowledge or consent of movants; that prior to said date this cause was pending in this court on an appeal from a judgment in favor of plaintiff and against the defendant in the sum of $750, which judgment had been duly rendered by Harry S. Davis, a justice of the peace within and for Kaw Township, Jackson County, Missouri.

"Movants further show the court that they are advised by said attorneys of record for defendant that a release has been given to the defendant by the plaintiff of the cause of action involved herein and of the judgment above described and that no consideration was paid to the plaintiff for such release."

Defendant correctly contends that this was an allegation that the suit was dismissed before there was a final determination of the litigation and before there was a final, unappealable judgment therein. It is further contended by defendant that the last quoted language of the motion has the effect of affirmatively alleging that there was no consideration paid by the defendant to the plaintiff. It is then argued that there was no *res* on which the attorneys' lien could fasten,

and that hence the motion "on its face shows that movants have no cause of action for their attorneys' lien."

We cannot agree that the necessary effect of this last quoted language is in harmony with defendant's conclusion. Considering it in its most favorable light, as we must do in passing upon this question, it was a mere recital of what the defendant by its counsel had represented the particular fact to be. It leaves the motion without any allegation as to whether anything was or was not paid to plaintiff in settlement of the case. No attack was made upon the motion prior to or at the time of the hearing thereon for its insufficiency. At the hearing on said motion a letter written by defendant's counsel to the movants was introduced in evidence, from the recitals of which it definitely appeared that the consideration for plaintiff's dismissal of his cause of action was the delivery by the defendant to plaintiff of a Packard automobile subject to a mortgage. Thus the evidence adduced upon the hearing of this motion discloses that there was a consideration for the dismissal of the suit. If such fact need be alleged, the pleading after judgment will be treated as amended to conform to that proof, particularly, as in this case, where no objection was made to the introduction of the testimony. This rule was recognized in Lee v. Public Service Co., 88 S. W. (2d) 337. Also, in Harrison v. Slaton, 49 S. W. (2d) 31, l. c. 36, it was held that:

"If a cause of action is stated, though defectively, and the case is tried and evidence heard without objection as if an allegation of fact necessary to recovery were properly alleged in the petition when it was not so alleged, the judgment cannot be assailed on such ground after verdict."

We rule the question as to the sufficiency of the motion against defendant.

Defendant contends that "there was a total failure of proof . . . in that respondent not only failed to prove a *res* on which their lien could attach, but proved that there was no *res* by introducing and vouching for the letter of appellant's counsel stating there was no *res* on which an attorney's lien could fix itself." We do not so construe the evidence. In the first place, movants, by offering the letter of defendant's counsel, were not vouching for it in its entirety. It was offered more as an admission against interest. It was defendant's own explanation of a most unusual set of circumstances. The contents of the letter do not tend to negative the existence "of a *res* on which their lien could attach," but on the contrary furnished an admission that there *was* a *res* "on which an attorney's lien could fix itself." What else could be the meaning of this language from the letter:

". . . It appeared the Local Finance Company were going to turn the Packard car back to Franklin and he was going to accept it in full settlement of his claims and execute a new mortgage . . .

for the balance due. They were to pay him no money whatsoever and he was to get the car back under a new schedule of payments, and the case you (Plaintiff's attorneys) refer to was to be dismissed.''

It would seem this language amounts to a clear admission that plaintiff and defendant had settled this case on the basis of the defendant turning over to plaintiff a Packard automobile which was, according to other statements in the letter, to be subject to a mortgage with a fixed schedule of payments. We, therefore, rule against defendant's second contention that there was ''no proof of any proceeds of the original cause of action, but affirmative proof that there were no proceeds upon which said alleged lien might attach.''

Although having so ruled, we are nevertheless of the opinion that the judgment of the trial court, in allowing and fixing the lien of plaintiff's attorneys at the sum of $375, or fifty per cent of the judgment entered in the justice court cannot be sustained. The law is well-settled that a client, acting in good faith, has the absolute right to settle his claim or lawsuit as he may see fit, even though his action may be in conflict with the wishes of his attorney. An attorney's lien is subject to this right, and if it be on a percentage basis it is liquidated by the client's exercise of this right, if his action in so doing is not characterized by fraud. [Curtis v. Metropolitan St. Ry. Co. (Mo. App.), 94 S. W. 762, 118 Mo. App. 341; Mills v. Metropolitan St. Ry. Co., 282 Mo. 118, 221 S. W. 1.] When a client, acting in good faith, exercises his right to settle his lawsuit, the amount of the attorney's lien, where the fee is on a percentage basis, is determined by the sum actually received by the client in settlement. Where the client exercises right, the attorney's lien is not defeated thereby, but attaches to the proceeds of the settlement. As was said in 2 R. C. L. 1081, sec. 171:

''The client may compromise or settle the litigation without the consent of the attorney, but where such right is exercised the lien of the attorney will not be defeated thereby, but will attach to the proceeds of the settlement. The lien which the statute fixes on the plaintiff's cause of action follows the transition, without interruption, and simply attaches to that into which the right of action is merged. If a judicial recovery is obtained, the lien attaches to that; if a compromise agreement is made, the lien attaches to that, and in each case the attorney's interest is such that it cannot be defeated or satisfied by a voluntary payment to his client without his consent.'' [Whitecotton v. Ry. Co., 250 Mo. 624, 157 S. W. 776; Noell v. Mo. Pac. Ry. Co., 335 Mo. 687, 74 S. W. (2d) 7.]

In the case at bar, it is movants' contention that their attorneys' lien was liquidated by the judgment in the justice court. Had this judgment become final, in the sense that the litigation was finally terminated, before any settlement was made, this would be true. But at the time the settlement was made, the defendant had taken an appeal from the judgment of the justice court to the circuit court

where the matter was then pending awaiting trial *de novo* in the event statutory notice of the appeal should be given ten days before the first day of the May Term—which date was several months away at the time the settlement agreement was concluded. In other words, at the time this settlement was made, the plaintiff was confronted with the uncertainty of the result of a trial of his case *de novo* in the circuit court, and hence was confronted with the possibility os losing his case in its entirety. This was expressly held in Curtis v. Metropolitan Street Railway Co., *supra*, l. c. (S. W.) 765. The court there said:

"The statute preserves the lien, but the liquidation of a contingent fee does not occur until the final end of litigation or until the making of an honest settlement by the parties."

The movants in the instant case strongly urge the case of Barthels v. Garrels, 206 Mo. App. 199, 227 S. W. 910, in support of their contention that their attorneys' lien was liquidated and the amount thereof determined by the amount of the judgment in the justice court. The Barthels case is, however, distinguishable from the instant case in several respects. In the Barthels case, the plaintiff recovered a judgment in the trial court for $9000. An appeal was taken to the Supreme Court but no *supersedeas* bond was furnished. As to this, the court, in the Barthels case, said:

"The appeal taken to the Supreme Court was without bond, and if property of the defendant had been located upon which to levy, they would doubtless have realized upon their lien. The lien was not *superseded* by the defendant's appeal."

In the Barthels case, the plaintiff, according to his own positive testimony, made no actual settlement of his claim, in that he testified he received no consideration whatever for satisfying the $9000 judgment which he had recovered against the defendant. His satisfaction of the judgment was absolutely gratuitous, if his testimony was to be believed. As was said in the opinion, l. c. 215:

"Here we have a client undertaking to give away, if we give literal interpretation to his testimony, not only his rights in a judgment that would and did become final, but likewise to give away the lien of his attorneys, a gift manifestly so contrary to the interest of the attorney's Lien Act, that would be impossible to uphold such satisfaction on that score."

Hence, in the Barthels case, there were no proceeds from any *settlement* of the judgment to which the attorney's lien might apply.

Furthermore, the evidence in the Barthels case presented a strong picture of fraud and collusion. As to this the court said, l. c. 215:

"We agree, however, with the trial judge that the evidence of the satisfaction of the judgment was the result of collusion if not of fraud."

It was under such circumstances that the appellate court held in

effect that the movants were entitled to have their attorneys' lien allowed and fixed on the basis of the amount of the judgment. In the instant case, as we have heretofore pointed out, there was a settlement of a judgment that was subject to the uncertainties of appeal, and there is nothing in the record brought here in this appeal, from which it can be said that the consideration received by plaintiff for dismissing his cause of action was unfair, or inadequate, or that plaintiff, in making the settlement, was not attempting in good faith to get for himself what he deemed to be the best possible result. While the method pursued by the plaintiff and participated in by defendant and its counsel is not to be commended, the record before us discloses no fraud or collusion in fixing the amount of the proceeds of the settlement. As was said in the Barthels case, l. c. 214:

"Notwithstanding the attorneys had a lien on the judgment, they did not thereby deprive plaintiff of all control over the litigation.

"On the other hand, the lien of the attorneys could not be thrown or frittered away by their client, because their lien was upon the judgment and would not follow further, unless there were some proceeds of the judgment in which event the lien would go from the judgment to the proceeds thereof, provided there was no fraud or collusion in fixing the amount of the proceeds."

In this connection, see also Miller v. St. Louis Car Co., 14 S. W. (2d) 464.

The proceeds of the settlement in the instant case was the equity in the Packard automobile which was delivered by defendant to plaintiff, subject to a mortgage. The lien of plaintiff's attorneys, under the authorities hereinabove referred to, would properly attach to the proceeds of this settlement. There is, however, no evidence as to the value of the proceeds of the settlement—that is to say, the value of the Packard automobile, subject to the mortgage.

In case there is no showing of fraud or collusion in another trial of this case, it will be necessary that a showing be made as to the value of the proceeds of the settlement, in order to determine the amount of the attorneys' lien.

The judgment is reversed and the cause remanded. All concur.