IN RE ESTATE OF ADA M. NELSON, DECEASED, E. W. NELSON, ADMINISTRATOR, RESPONDENT, v. MARY S. McPIKE AND CLARA M. PATTERSON, ET AL., APPELLANTS.—166 S. W. (2d) 333.

St. Louis Court of Appeals. Opinion filed December 8, 1942.

Respondent's Motion for Rehearing Overruled December 22, 1942.

*Roy Hamlin* for appellants.

32

*Harry Carstarphen* for respondent.

ANDERSON, J.—Appellants Mary S. McPike and Clara M. Patterson et al., brought this appeal from a final judgment rendered by the Circuit Court of Marion County affirming a judgment of the probate court approving a final settlement in the estate of Ada M. Nelson, deceased.

Ada M. Nelson died intestate on February 10, 1940, and on February 12, 1940, letters of administration were issued to respondent, E. W. Nelson. Thereafter, the administrator and the witnesses to the inventory and appraisal, also appointed by the court, met at the Farmers & Merchants Bank, at Hannibal, to inventory and appraise the contents of a safe deposit box at said bank and belonging to the deceased. They found in said box certain government bonds and other property, which were duly appraised and listed in the inventory. They also found in said box two notes executed in favor of the deceased by the respondent herein, one dated October 10, 1938, for $2304.51, and the other dated December 16, 1938, for $2268.96. These notes were listed and appraised in the inventory, but, in the affidavit to the inventory the administrator, after alleging the usual allegations, including "and that he was not indebted or bound in any contract to the deceased at the time of her death, except as stated in said inventory and appraisement," added the following: "and E. W. Nelson notes listed and appraised by appraisers have been satisfied and no indebtedness thereon."

Respondent thereafter filed in said estate the following motion:

"Now comes E. W. Nelson and shows to the court that on February 12th, 1940, he was appointed administrator of the estate of Ada M. Nelson, who died in and a resident of Hannibal, Missouri, on February 10th, 1940; the said E. W. Nelson further shows to the court that upon the opening of the safe deposit box at the Farmers & Merchants Bank, at Hannibal, Missouri, after due notice to the designated department of state, and accompanied by the witnesses and appraisers

34

appointed by this court, there were found in said safe deposit box two notes by E. W. Nelson to deceased, as follows: One dated October 10, 1938, for $2,304.51, 5%, and one dated December 16, 1938, 6%, for $2,268.96, which said notes had been paid and satisfied and such facts called to the attention of the witnesses and appraisers, but said witnesses Joseph C. Raible, Jr., Edward Plowman and Albert E. Hoffmann having found said paid notes in said box did place and list the same as papers being found in the said safe deposit box in the specified list prepared by said witnesses and appraisers and listed same at the amount on the face (Section 58, R. S. 1929) of said paid notes for the information of the court; whereon the undersigned, E. W. Nelson, did, by affidavit set out on his inventory and appraisal show that said notes had been paid and satisfied and were not an indebtedness to the estate, and were not a part of the estate of Ada M. Nelson, and the undersigned, E. W. Nelson, avers that for the aforesaid reason the said notes were not by him as such administrator inventoried as assets of the estate of Ada M. Nelson, but excluded from his inventory by his affidavit, and that said two paid notes should be excluded from the list of articles set up by the witnesses and appraisers.

"And now the said E. W. Nelson calls to the attention of this court the facts herein set out and states that the said two notes above mentioned have been paid in full and satisfied prior to the death of Ada M. Nelson, and asks that appropriate order of this court be made of record herein whereby the listing of said notes by the witnesses and appraisers herein may be excluded and the action of the witnesses and appraisers in listing said notes be found unwarranted, and that the listing of said notes by said witnesses be corrected, and that the court order the reduction of the listing made by said witnesses and appraisers to the extent of the two notes hereinabove mentioned of $2,304.51 and $2,268.96, and that the proper credit covering the erroneous listing of the notes by said witnesses and appraisers be made by order of this court.

"WHEREFORE, the undersigned E. W. Nelson prays that an order be made on the listed assets of Ada M. Nelson, made by the witnesses and appraisers under Sections 61, 70 and 71, R. S. 1929, and that said list be corrected to exclude the said paid and satisfied notes mentioned above and that reduction be made in the total listed and appraised items accordingly, and that proper credit be ordered and adjudged thereon."

Upon the filing of the foregoing motion the court appointed an administrator *pendente lite* to represent the estate in the presentation of said motion, and on February 7, 1941, during the November Term, 1940, the matter came on for hearing and resulted in the following judgment:

"Now on this day comes E. W. Nelson, in person and by his attorney, and also comes Ben E. Hulse, heretofore appointed administrator *pendente lite,* to represent the estate in the presentation of the said motion, and the Court takes up the motion filed herein January 29th, 1941, by agreement of parties. And the Court having heard the testimony offered, and it appearing to the Court from the testimony offered, that the two notes of said E. W. Nelson listed in the inventory and appraisement have been paid and cancelled, and said administrator is therefore authorized to take credit for said notes in his settlement of said estate, and to deliver said notes to the said E. W. Nelson and that the same constitutes no part of the assets of said estate.

"It is further ordered that the sum of Twenty-five dollars ($25.00) be and the same is hereby allowed to the said Ben E. Hulse for his services herein and the same to be taxed as costs."

No appeal was taken from this judgment during the November Term or within the time thereafter allowed by the statutes for the taking of an appeal. .

Thereafter, during the February Term, 1941, of said court, and on April 8, 1941, respondent filed his final settlement, in which he neither charged himself with said notes, nor listed them among the items for which he asked credit, but he did include in the settlement the following memorandum:

". . . Certain notes listed by the appraisers and not acknowledged by the administrator as assets of the estate have since been by order of this court determined to have been satisfied and not a part of the assets of the estate."

The settlement contained the usual affidavit reciting that the administrator had charged himself with all the money and personal effects belonging to the estate that had come into his hands and not theretofore accounted for. No exceptions were ever filed to this final settlement.

The February, 1941, Term of said court expired on May 13, 1941, and on May 20, 1941, an appeal to the circuit court from the order approving said final settlement was taken by Stella Day, T. L. Nelson, Lulu M. Johnson, Lucille McFarland, Clyde McFarland, Alvin J. McFarland, and others.

When the case reached the circuit court, respondent filed a motion requesting an order requiring appellants to file their exceptions to the final settlement, and as grounds for said motion alleged that unless said exceptions were filed respondent would not be able to ascertain the matter complained of by appellants.

The court overruled this motion, and at the same time ruled that the burden of sustaining the final settlement was upon the administrator. At the trial, however, the controversy was limited to only two issues, to-wit: Should respondent be surcharged with the amount of the two notes hereinbefore mentioned? And, What disposition

should be made of the distributive share of one Cecil Williams, who had been declared legally dead by reason of seven years' absence some twenty years prior to the death of Mrs. Nelson?

The trial resulted in the following finding and judgment (formal recitations omitted):

"The Court doth further find the issues against the appellants, and for the appellee administrator, on the first points, to-wit: Concerning the E. W. Nelson notes found among the papers and records of Ada M. Nelson. The Court finds that the Probate Court, after due consideration and hearing thereon, found and adjudged the said E. W. Nelson notes to have been paid and that they constituted no part of the estate, and that no appeal was taken from the judgment of the Probate Court thereon, and that judgment of the Probate Court became final.

"The Court further finds on the issue of the distributive share of Cecil Williams as set out in the order of distribution, that Cecil Williams has heretofore been adjudged by the Probate Court of Lewis County, Missouri, to be dead, after due and timely proceedings thereon held and had, and that having been so found and determined to be deceased by said Court that acts done in reliance upon the determination of death are valid, and no act or fact appearing to the contrary this Court is bound thereby and distribution shall be made among the heirs of Ada M. Nelson to the exclusion of Cecil Williams so found to be dead.

"Therefore, it is ordered, adjudged and decreed that the order of approval of the final settlement of the Probate Court of Marion County, Missouri, in the matter of the estate of Ada M. Nelson, deceased, be affirmed and stand approved as made by the said Probate Court of Marion County, Missouri.

"It is further ordered and adjudged that pursuant to the heretofore rendered decree and judgment of the death of Cecil Williams by the Probate Court of Lewis County, Missouri, rendered prior to the death of Ada M. Nelson, that the estate of Ada M. Nelson be ordered distributed to the heirs of said Ada M. Nelson to the exclusion of Cecil Williams according to their interests as determined by the Probate Court of Marion County, Missouri."

After timely motion for new trial was overruled, appellants Mary S. McPike and Clara M. Patterson prosecuted their appeal to this court.

In this court appellants, by an assignment of error, attack the correctness of the trial court's ruling that it was precluded from passing upon the merits of the controversy with respect to the Nelson notes by reason of appellants' failure to appeal from the judgment of the probate court on the respondent's motion which was tried and determined during the November, 1940, term of the probate court. We are compelled to sustain this contention.

It will be observed that the Nelson notes were listed in the inventory. They thus became assets in the respondent's hands, to be accounted for in the final settlement. [Sec. 100, R. S. Mo. 1939; R. S. A., Sec. 100.] If they were valid obligations, he had the duty to charge himself with them in his final settlement. If they were not valid obligations but had been paid, he had the right under Section 231, R. S. Mo., 1939, Mo. R. S. A., Sec. 231, to request the court to give him credit for the amount of the notes.

Section 231 reads as follows:

"At his final settlement, the court shall give credit to the executor or administrator for all the debts which have been charged in the inventory as due to the estate, if the court be satisfied that such debt was not really due to the estate. . . ."

Absent the foregoing statute, the notes having been inventoried, the probate court would not have had jurisdiction in this case to determine the matter of respondent's liability on the notes. [McManus v. McDowell, 11 Mo. App. 436.]

Ordinarily, the validity of a debt claimed to be owed to an estate from an administrator cannot be tried in the probate court, but must be litigated in the circuit court. There are but two exceptions to this rule. Prior to final settlement, a proceeding under Sections 63-67, R. S. Mo. 1939, R. S. A., Secs. 63-67, for the discovery of assets is available where the administrator has concealed or embezzled, or is otherwise wrongfully withholding any goods, chattels, money, books, papers, or evidences of debt of the deceased, and has them in his possession or under his control. In such a proceeding, the statutes have set up procedural requirements which guarantee that if such procedure is used there will be a *bona fide* adversary proceeding. Then there is the authority given by Section 231, R. S. Mo. 1939, R. S. A., sec. 231, but this statute is applicable only where the debt has been charged in the inventory as due the estate. If it has not been so charged, and the heirs contend that the administrator failed to account for a debt due from him to the estate, they would, of course, have recourse against him and his sureties on his official bond, but the probate court would be without jurisdiction in the premises. [Wilson v. Ruthrauff, 82 Mo. App. 435.]

For obvious reasons, the proceeding on respondent's motion to be relieved of liability on these notes was not one brought under Sections 63-67, R. S. Mo. 1939, R. S. A., secs. 63-67. Therefore, to be valid it could only be considered as an application under Section 231, R. S. Mo. 1939, R. S. A., sec. 231, by the administrator to be permitted to take credit in his final settlement for the amount of the notes on the ground that such debt was not really due the estate.

Respondent's motion was based upon the theory that the notes had been paid, and in the prayer of his motion he requested that proper credit be ordered and adjudged. It is true that other relief was

asked, such as that said items be stricken from the inventory, etc., but the essential nature of the motion was to relieve respondent of liability on the notes, which could only be done at that stage of the proceedings by taking credit under Section 231. The court in its order adjudging the matter in respondent's favor ordered that "said administrator is therefore authorized to take credit for said notes in his settlement of said estate . . ." Therefore, considering the allegation of the motion and the order of the court, we must hold that the proceeding was in contemplation of final settlement and was one under Section 231, R. S. Mo. 1939, R. S. A., sec. 231; otherwise we would have to hold that it was *coram non judice*. Such being the case, the fact that the motion was filed, the hearing had, and the matter determined prior to the submission of the final settlement for approval and at a prior term of court could make no difference. The only effect of such an irregularity in the procedure would be to make the judgment rendered at the November Term, 1940, interlocutory, which judgment would become final upon the approval of the final settlement, and which settlement in effect gives credit to the respondent for the notes in controversy.

The appeal of the heirs brought before the circuit court for trial *de novo* the issue of respondent's liability on the notes, provided, of course, that that question was not foreclosed by the failure of the heirs to file formal exceptions to the final settlement presenting that issue for trial in the probate court. This latter question is raised and insisted upon by respondent.

The purpose of an exception in the trial of an ordinary civil action is to preserve for consideration on a motion for new trial and on review upon appeal errors which occur during the progress of the trial but which do not appear upon the record proper. Absent such an exception, the appellate court can review nothing but those errors which appear in the record proper.

In the case at bar, however, we are dealing with an entirely different kind of an exception than the one used to preserve matters for review by an appellate court. The exceptions here referred to have no specific statutory sanction, but their use has been a part of our practice for many years. They are used to frame the issue to be tried before the probate court and to inform the appellate court of the issues actually tried in the probate court. Exceptions, therefore, are ordinarily necessary to be filed if a review is desired, because the jurisdiction of the circuit court on appeal from the probate court is derivative and is to be exercised only over matter actually litigated and fought out in the probate court and from which the appeal is taken. [Leahy v. Campbell, 274 Mo. 343, 202 S. W. 1114; State ex rel. Burns v. Woolfolk, 303 Mo. 589, 262 S. W. 346; In re Ermeling's Estate (Mo.), 119 S. W. (2d) 755; In re Mills Estate (Mo.), 162 S. W. (2d) 807.]

In determining whether the circuit court will exercise its jurisdiction on appeal, the important consideration is, Was an issue presented to the probate court in respect to the matter? It is immaterial, in our view, whether that information is acquired from the formal exceptions filed or whether it appears otherwise from the record. In the case at bar, the record shows that the issue of respondent's liability on the notes was tried in the probate court not upon exceptions filed by the heirs but upon a motion filed by respondent himself. The motion served the same purpose that formal exceptions to the final settlement would have served, that is, it framed an issue for the probate court to pass upon, and from it we learn what was tried below. Certainly, upon this record respondent is in no position to contend that the matter was not tried in the probate court, and at the same time assert that the order, which we have held to be merely interlocutory, was *res adjudicata*.

Respondent also says that the allegations in the motion for new trial filed in the circuit court are insufficient to preserve the matters complained of for review. Said motion sets out the following grounds: "Because the finding, verdict and judgment are against the law and the evidence, and against the law under the evidence." And, "Because the findings, verdict and judgment of this Court in this case is null and void on its face." These assignments under the authorities are sufficient to raise the point under review here. [Municipal Securities Corporation v. Kansas City, 265 Mo. 252, 177 S. W. 856; Albrecht v. Piper et ux. (Mo. App.), 164 S. W. (2d) 105; Franklin v. Local Finance Co., 234 Mo. App. 973, 136 S. W. (2d) 112; Hoppe v. Boerger et al. (Mo. App.), 116 S. W. (2d) 195; Burns v. School District (Mo. App.), 50 S. W. (2d) 677.]

In view of what we have said, we hold that the trial court was in error when it ruled that the order of the probate court of February 7, 1941, was *res adjudicata*, and we overrule respondent's contention here that the circuit court could not try the issue of respondent's liability on the notes because no formal exceptions were filed to the final settlement. The judgment appealed from will have to be reversed and the cause remanded so that that issue may be tried on its merits. It is so ordered. *Hughes, P. J.,* concurs; *McCullen, J.,* not sitting.