# JOHN E. MARSHALL, Respondent, v. ESTATE OF SAMUEL SHOEMAKER, Appellant.

**St. Louis Court of Appeals, March 5, 1912.**

1. **APPELLATE PRACTICE: Proceedings for Appeal Liberally Construed.** While an affidavit for appeal must substantially comply with the statute, the precedent steps for an appeal should be liberally construed with a view to sustain the appeal.

2. ————: **Defective Affidavit for Appeal: Necessity of Objecting Below.** An appeal will not be dismissed because the affidavit for appeal was sworn to before the judgment was rendered, contrary to the procedure contemplated by the statute, where the trial court's attention was not called to the defect.

Marshall v. Estate of Shoemaker.

3. ————: Affidavit for Appeal: Time for Making.  The statute requiring an affidavit for appeal (section 2040, Revised Statutes 1909) does not contemplate the making of the affidavit before the judgment appealed from is rendered, and such a course is highly improper and would justify a refusal by the trial court to grant an appeal.

4. ————: No Bill of Exceptions: Dismissal of Appeal.  The failure to file a bill of exceptions is not ground for dismissing the appeal, inasmuch as the record proper would still be before the court for review.

5. ————: ————: Review of Record Proper: Executors and Administrators.  On appeal to the circuit court from an order of a probate court, rejecting the vacation appointment of the party appealing, as administrator of an estate, pursuant to section 9, Revised Statutes 1909, and appointing another as such administrator, a judgment of the circuit court, adjudging that said order of the probate court be set aside, was sufficient, even in the absence of a bill of exceptions, to warrant consideration by the Court of Appeals of the question as to the right of the administrator, appointed in vacation, to appeal from the order of the probate court, made in term, rejecting the vacation appointment.

6. EXECUTORS AND ADMINISTRATORS: Refusal to Appoint Applicant: Probate Courts: Appealable Orders.  The right of appeal in probate matter is determined solely by section 289, Revised Statutes 1909; and, under it, an appeal does not lie from an order refusing to appoint one administrator of an estate in the first instance.

7. ————: Vacation Appointment: Tenure of Office.  The term of one appointed administrator of an estate, in vacation of the probate court, pursuant to section 9, Revised Statutes 1909, extends only to the convening of the court in term and until the court either confirms or rejects the appointments.

8. ————: ————: Refusal to Confirm: Probate Courts: Appealable Orders.  Section 9, Revised Statutes 1909, provides that the probate court, or the clerk or judge thereof in vacation, "subject to the confirmation or rejection of the court," shall grant letters of administration.  Subdivision 9 of section 289, Revised Statutes 1909, gives a right of appeal from all orders revoking letters of administration, and subdivision 15 provides that the right of appeal therein given shall extend to any heir, creditor or other person having an interest in the estate being administered.  *Held*, that an administrator appointed in vacation had no right, under the statutes, to appeal from an order of the probate court, made in term, rejecting the vacation appointment; there being no "revocation" of

letters of administration, within subdivision 9, and the vacation appointment not having vested the appointee with an interest authorizing an appeal under subdivision 15.

Appeal from Scott Circuit Court.—*Hon. Henry C. Riley*, Judge.

REVERSED.

*Boone & Lee* and *Albert DeReign* for appellant.

The action of the probate court was purely ministerial and the appeal granted by it was unauthorized by statute. State ex rel. v. Guinotte, 113 Mo. App. 399; State ex rel. v. Fowler, 108 Mo. 465; Flick v. Schenck, 212 Mo. 275.

*Barbour & McDavid* and *M. Arnold* for respondent.

It is conceded that an appeal does not lie from the action of the probate court appointing or refusing to appoint an administrator. But here an administrator had been appointed; under the appointment he had qualified, taken charge of the estate, and was in full exercise of his duties as administrator, when the appointment was revoked or "rejected." This revocation worked a divestiture of respondent's legal title to the entire assets of the estate in his hands. Cuendet v. Henderson, 166 Mo. 667. Previous to this, his letters and all his proceedings thereunder were valid. Macy v. Stark, 116 Mo. 481. (2) Furthermore, as, in the view of the respondent, the appeal was not taken from the action of the court in granting or refusing letters of administration, if it be contended also that the appeal was not taken from an order revoking letters of administration, then it is submitted that the appeal is fully warranted by the 15th and last clause of section 289, Revised Statutes 1909, inasmuch as the action of the probate court was a final decision di-

vesting respondent of his previous legal title in the estate. Section 50, Revised Statutes 1909, cited by appellant, does not include all causes for revocation of letters of administration that are appealable. This power is inherent in the court, and the authorities cited by appellant fully sustain this position. McCabe v. Lewis, 76 Mo. 296; In re Huckstep Estate, 5 Mo. App. 582. (3) Respondent insists that this appeal be dismissed, because the bill of exceptions was not filed within the time allowed by the court. Mitchell v. Williams, 79 Mo. App. 389; Weil v. Jones, 70 Mo. 560; Smith v. Emerson, 107 Mo. App. 208; Powell v. Sherwood, 162 Mo. 605; Grayham v. DeQuire, 154 Mo. 88; Stewart v. Brown, 112 Mo. 171. The rule controlling matters of this character is aptly expressed in Fulkerson v. Murdock, 123 Mo. 296, as follows: "Under repeated rulings of the Supreme Court and of each division, the statute on this subject must be regarded as an imperative demand that exceptions be filed within the time the law prescribed . . . and this is true even though all parties thought it was in time." State v. Mayor, 99 Mo. 602; Burdoin v. Trenton, 116 Mo. 358; Dorman v. Coon, 119 Mo. 68; Wine Co. v. Buzzard & Buzzard, 144 Mo. App. 340; Linihand v. Barley, 124 Mo. 560.

PER CURIAM.—The appeal in this case was prosecuted to this court, but was thereafter transferred by it to the Springfield Court of Appeals under the provisions of the act of the Legislature, approved June 12, 1909. [See Laws of Missouri 1909, p. 396; see, also, Sec. 3939, R. S. 1909.] In due time the cause was disposed of by the Springfield Court of Appeals through the subjoined opinion prepared by Judge Cox of that court, but its opinion was ordered not to be published in the official reports for the reason that about the same time the Supreme Court declared the legislative act, which purported to author-

ize the transfer of cases from one court of appeals to
another for hearing and determination, to be uncon-
stitutional.  The cause was thereafter transferred by
the Springfield Court of Appeals to this court on the
theory that the jurisdiction of the appeal continued to
reside here and the proceedings had in the Springfield
Court with reference thereto were *coram non judice*.

The case has been argued and submitted here and
duly considered.  On an examination of the several
arguments advanced, we are prepared to concur in the
views expressed by the Springfield Court in the un-
published opinion of Judge Cox which we find in the
files.  That opinion is adopted as the opinion of this
court.  It is as follows:

"On March 1, 1909, the judge of the probate court
of Scott county in vacation, appointed John E. Mar-
shall, plaintiff, administrator of the estate of Samuel
Showmaker 'subject to the action of the court in term
time.'  On March 6, 1909, Nannie Showmaker, widow
of deceased, filed what she denominated a motion to
revoke the letters of administration granted by the
judge of the court in vacation to plaintiff.  On March
12, this matter was heard and the court, then in ses-
sion, made the following order:

" 'ACTION OF JUDGE REJECTED.

" 'Estate of Samuel Showmaker, deceased.
      " 'Samuel Tanner, Public Administrator.
      " 'It is ordered by the court that the action of the
judge of this court, in vacation of court, in granting
letters of administration, is hereby rejected by the
court and for naught held.  And now comes Nannie
Showmaker, widow of said deceased, and here in open
court waives the issuing of citation herein.  Where-
upon it is ordered by the court that Samuel Tanner,
public administrator of Scott county, be and he is

hereby ordered to take charge of and administer said estate according to law.'

"From this order the plaintiff, Marshall, appealed to the circuit court, where a trial was had at the October term, 1909, and the following judgment rendered:

" 'Now on this third day of November, 1909, come the parties by their respective attorneys and this cause having heretofore been submitted to the court on the 29th day of October, 1909, and by the court taken under advisement, and the court being now fully advised in the premises doth find the issues for the plaintiff, and the court doth order and adjudge that the order of the probate court of Scott county, Missouri, in rejecting the plaintiff, John E. Marshall, as administrator of said estate and the order of said probate court in appointing Samuel Tanner, public administrator, as administrator of said estate, be and the same are hereby set aside, and it is further ordered by the court that this judgment be certified to said probate court. And it is further ordered and adjudged by the court that the plaintiff recover of said estate the costs in this action expended and have execution therefor.'

"From this judgment defendant Tanner, as administrator, has appealed to this court.

"Contention is made in this court that this appeal should be dismissed for the reason that the affidavit for appeal is insufficient. The judgment in this case was rendered on the third day of November, 1909; motion for new trial was filed and overruled on the same day and the affidavit for appeal was filed on the same day. The affidavit for appeal shows upon its face that it was sworn to before the circuit clerk of Mississippi county on November 2d. Respondent contends that the fact that the affidavit was sworn to before the judgment was rendered makes it a nullity as far as this case is concerned, hence, it is not such an affidavit as the statute requires. The statute re-

quires an affidavit for appeal to be filed, and it has been held that the order of the circuit court granting an appeal is not of itself sufficient to confer jurisdiction upon the appellate court, but that an affidavit for appeal in substantial compliance with the statute is essential to such jurisdiction. While this is true a liberal construction should be placed upon the precedent steps with a view to sustain the appeal. [State ex rel. Broaddus, 210 Mo. 1, 108 S. W. 544.]

"The attention of the trial court was not called to the defect in the affidavit by respondent, and no objection to the appeal being granted upon this affidavit was made by him, and hence to dismiss this appeal now by reason of a defective affidavit would be to convict the trial court of error which it did not commit, for it was not asked to pash upon the sufficiency of this affidavit, and if it did pass upon it, no objection or exception to its action was taken. In State ex rel. Broaddus, supra, at page 16, in discussing the necessity of calling the attention of the trial court to defects in the affidavit for appeal, the following language is used:

" 'No point was made against the sufficiency of the affidavit in the court from which the appeal was taken, and where, in all fairness to the trial court and the appellant, the objection to the affidavit should have been made; otherwise, an appellee or his attorney might remain silent, knowing that an invalid affidavit for the appeal was being, or had been, filed, and afterwards take advantage of his adversary by raising an objection to it for the first time in the Court of Appeals, knowing that, under the rulings of that court, it could not be amended.'

"With this we fully concur, and shall hold that because the attention of the trial court was not called to the alleged defect of this affidavit for appeal we shall refuse to dismiss the appeal. We do not wish to be understood, however, as approving the practice

of making affidavits for appeal before the judgment is rendered. On the other had we want to express our strong disapproval of such a practice. The statute requiring an affidavit for appeal to be filed presupposes that the party making it will act in good faith and that he shall believe what he swears to to be true when he swears to it, and in a case like this wherein the affidavit is made before the court has decided the case it is apparent on the face of it that the affidavit was not based upon facts within the knowledge of the affiant at the time the affidavit was made, and had the trial court's attention been called to this fact he might very properly have refused to grant an appeal upon this affidavit for that reason.

"It is also contended that the appeal should be dismissed because the bill of exceptions was not filed in proper time. The failure to file a bill of exceptions is not a ground for dismissing an appeal. [Wait v. Railroad, 204 Mo. 491, 103 S. W. 60.] Even though there be no bill of exceptions the record proper is still before us for review, and in the view we take of this case it will not be necessary to pass upon the question as to whether the bill of exceptions was properly filed. If we discard the bill of exceptions, yet the judgment rendered by the circuit court in this case shows upon its face that the matter investigated upon the trial in the circuit court was the action of the probate court in 'rejecting the plaintiff, John E. Marshall, as administrator of the said estate and the order of said probate court in appointing Samuel Tanner, public administrator, as administrator of said estate.' This is sufficient to bring to our attention the vital question involved in this appeal, which is the right of an administrator, appointed in vacation, to appeal from the order of the probate court, made in term time thereafter, rejecting his vacation appointment, and it is to this question that we shall direct our attention.

"The statute, now section 289, Revised Statutes 1909, provides, in detail, for appeals from the orders and judgments of a probate court, and this being true, the right of appeal in probate matters must be determined from the statute alone. [State ex rel. Grover v. Fowler, 108 Mo. 465, 18 S. W. 968.]

"The statute aforesaid recites fourteen specific grounds of appeal among which is the following:

" '9th. On all orders revoking letters testamentary, or of administration.'

"This provision means just what it says and no more. An appeal does not lie from an order refusing to appoint a person as administrator of an estate in the first instance. [State ex rel. Grover v. Fowler, supra; Flick v. Schenck, 212 Mo. 275, 110 S. W. 1074.] It is only when letters have been revoked that a party can appeal under this subdivision. Were the letters of plaintiff Marshall revoked? We think not. His appointment in the first instance was made by the probate judge in vacation under what is now section 9, Revised Statutes 1909, which is as follows:

" 'Sec. 9. Letters, by Whom Granted.—The probate court, or the judge or clerks thereof, in vacation, subject to the confirmation or rejection of the court, shall grant letters testamentary and of administration.'

"The plaintiff had no interest in the estate and no vested right in the administration. Under the terms of the statute his appointment was only temporary and when made was "subject to the confirmation or rejection of the court." When the court convened, his appointment, made in vacation, was rejected, and thus his term of service expired by limitation. The term for which he was appointed could only extend to the convening of the court in term and until the court should either confirm or reject it. When the court rejected the vacation appointment, plaintiff's right to administer ceased. There is no more reason

for holding that the court's discretion in rejecting a vacation appointment could be reviewed upon appeal than there is for holding that the court's discretion in refusing to appoint an applicant when the application is made in term time, can be so reviewed, and it has been expressly held that this cannot be done. [Flick v. Schenck, supra.]

"It is contended, however, that an appeal is allowable under the fifteenth subdivision of the statute aforesaid, which is as follows:

" '15th.   And in all other cases where there shall be a final decision of any matter arising under the provisions of article I to XIII, inclusive, of this chapter.   And the right of appeal herein provided for shall extend to any heir, devisee, legatee, creditor or other person having an interest in the estate under administration.'

"In support of this contention it is insisted that upon the appointment of plaintiff as administrator in vacation the title of the personal estate of the deceased became immediately vested in him, and that this gave him such an interest in the estate as would bring him within the purview of the fifteenth subdivision aforesaid.   With this we do not agree.   While it is true that his appointment in vacation did vest him with title to the personal estate, he was only so vested in his official capacity, and as an individual he had no interest in it whatever.   As stated before his appointment in vacation was of a temporary nature only and could extend only to such time as the court in term should pass upon it.   Had the court confirmed his appointment he would have been invested with a vested right to serve as administrator of that estate, and if thereafter his letters had been revoked, he could, by express provision of the statute, have appealed from the order of revocation; but the provision of the statute for vacation appointments of administrators is in the nature of an emergency provision in

order that the estates of deceased persons may be preserved until the court shall convene and, as a court, provide for administration, and when the court rejects a vacation appointment the rights of the appointee, thus rejected, cease.

"Our conclusion is, that plaintiff's rights in connection with this estate ceased when the probate court in term rejected his appointment as administrator made in vacation, and that no appeal will lie from that order; hence, the circuit court, in this case, was without jurisdiction, and its judgment setting aside the order of the probate court and directing the appointment of plaintiff as administrator was a nullity, and could not affect the right of the public administrator appointed by the probate court in term time to administer upon the estate.

"It follows that the judgment of the circuit court should be reversed and it is so ordered."

For the reasons given in that opinion the judgment will be reversed. It is so ordered. All concur.