THE STATE ex rel. JOHN L. BURNS, Administrator of Estate of JACOB LINDER, v. EDGAR B. WOOLFOLK, Judge of Circuit Court of Lincoln County, et al.

In Banc, May 13, 1924.

1. **PROHIBITION: Demurrer to Return.** A demurrer to respondent's return in prohibition is treated as a motion for judgment on the pleadings, and the case is disposed of upon the facts stated in the return.

2. **JURISDICTION: Circuit Court and Court of Appeals: Appointment of Administrator.** The circuit court has no original jurisdiction to remove an administrator and appoint another in his stead and fix the amount of his bond.. The circuit court has only appellate jurisdiction in such matters. Nor has a court of appeals, in reversing, upon an appeal, a judgment of the circuit court refusing to remove an administrator appointed by the probate court, any power to direct the circuit court to exceed its appellate jurisdiction, but it can only direct the circuit court in what manner to exercise its appellate jurisdiction.

3. **———: ———: ———: Issues Presented by Appeal.** The will did not name an executor, and testator's wife being dead, his only resident child filed a motion in the probate court asking that a certain person of no kin to testator, who had previously been appointed administrator with the will annexed, be removed, and that movent be appointed. The order of the probate court overruled the application, and adjudged that said administrator be not removed and that said applicant be not appointed, and the return does not show that either the motion or order included anything else. The applicant appealed to the circuit court, which sustained the order of the probate court, and upon appeal to the Court of Appeals this judgment was reversed and the circuit court was directed to revoke the letters of administration issued to the administrator first appointed, to sustain the application to remove him as such administrator, to "appoint a new administrator," and to require such removed administrator "to account for all the property and effects by him received as such administrator" and to certify such judgment to the probate court. In obedience to this direction, the circuit court entered judgment setting aside its former judgment, revoking the letters issued to the administrator first appointed, sustaining the applicant's motion to remove said administrator, ap-

pointing the applicant administrator, fixing his bond at sixteen hundred dollars, and requiring the administrator removed, upon the filing and approval of said bond, to "make an accounting and settlement of his accounts with said estate in this court." *Held*, that the Court of Appeals and the circuit court exceeded their respective jurisdictions, and the circuit court, upon the reversal of its judgment, had jurisdiction only of such matters as were included in the original application filed in the probate court and its order made in pursuance thereto, namely, to remove the person first appointed administrator and appoint the applicant, but had no jurisdiction to require an accounting or to fix the administrator's bond.

4. ———: Removal of Administrator: Appeal to Circuit Court. On appeal from an order of the probate court refusing, upon application of an heir, to remove an administrator previously appointed and to appoint another, the circuit court has jurisdiction to remove said administrator and to appoint a person who under the statute is qualified, and on certification of such judgment to the probate court it becomes the duty of that court to fix the bond of the administrator thus appointed, to require an accounting and settlement from the administrator removed, and otherwise to obey the judgment of the circuit court.

Headnote 1: Prohibition, 32 Cyc. 629. Headnotes 2 and 3: Courts: 2, 15 C. J. secs. 520 (1926 Anno), 516; 3, 15 C. J. secs. 516, 520. Headnote 4: Courts, 15 C. J. sec. 520; Executors and Administrators, 23 C. J. secs. 222 (1926 Anno), 2332.

# Prohibition.

PRELIMINARY RULE MADE ABSOLUTE IN PART AND DISCHARGED IN PART.

*Creech & Penn* and *John L. Burns* for relator.

(1) The probate court by the Constitution has jurisdiction "over all matters pertaining to probate business, to granting letters testamentary and of administration, the appointment of guardians and curators of minors and persons of unsound mind, settling the accounts of executors, administrators, curators and guardians," etc. Mo. Constitution, art. 6, sec. 34. (2) In conformity and fulfillment of said constitutional authori-

ty the General Assembly has provided and established a uniform system of probate courts, conferring upon them jurisdiction over the subject-matter of said constitutional provisions. Art. 4, Chap. 21, R. S. 1919. (3) The provision of the Constitution and the act providing for and establishing probate courts are reiterated and elaborated in detail under the title of "Administration" in Chap. 1, R. S. 1919, thus: (a) The grant of letters testamentary and of administration is lodged in the probate court. Sec. 1, R. S. 1919. (b) The power to take and approve bonds required of administrators is vested in the probate court. Secs. 17 to 31, R. S. 1919. (c) Letters testamentary and of administration shall be recorded by the clerk of the probate court in a well-bound book kept for that purpose. Sec. 33, R. S. 1919. (d) The jurisdiction is in the probate court to compel an administrator whose letters have been revoked to make final settlement. Sec. 48, R. S. 1919. (e) The probate court has exclusive power over settlements, semi-annual and final, with power to compel the making of same, and to approve or reject them. Art. 1, Chap. 8, R. S. 1919. (4) The circuit court, although a court of general jurisdiction, is not authorized to assume original jurisdiction in matters pertaining to probate business, the Constitution and statutes having placed that jurisdiction exclusively in probate court. Strode v. Gilpin, 187 Mo. 301; Scott v. Rayston, 223 Mo. 568; State ex rel. v. Bird, 253 Mo. 569; Lemp Brewing Co. v. Steckman, 180 Mo. App. 320; Priest v. Spier, 96 Mo. 111; In re Ford, 157 Mo. App. 141; Stephens v. Cassidy, 104 Mo. App. 210.

*Derwood E. Williams, George E. Eggers* and *Grover C. Huston* for respondents.

(1) The circuit court has appellate jurisdiction over the action of the probate court in refusing to remove an administrator, revoke his letters of administration and refusing to appoint a new administrator. Constitution, art. 6, sec. 23; R. S. 1919, secs. 282, 2436; Donaldson

v. Lewis, 7 Mo. App. 406; Owens v. Link, 48 Mo. App. 535; State ex rel. Betts v. McGowan, 89 Mo. 156; State ex rel. v. Guinott, 156 Mo. 526; Ferguson v. Carson, 13 Mo. App. 31. (2) On appeal from the probate court to the circuit court the issues involved are tried by the circuit court anew. R. S. 1919, sec. 289; 4 C. J. p. 728, par. 2650; Burger v. Burger, 94 Mo. App. 15; Ferry v. McGowan, 68 Mo. App. 612; Boothe v. Reeds, 38 Mo. App. 456. (3) On the appeal in this case to the circuit court it was the duty of the court to re-try the cause as if it had been originally brought in that court, and in such case the circuit court stands in the place of the probate court and exercises a like jurisdiction, and the judgment rendered in this cause by the circuit court was authorized by law and is within its jurisdiction. Burger v. Burger, 94 Mo. App. 19; Ferry v. McGowan, 68 Mo. App. 616; R. S. 1919, sec. 289.

WHITE, J.—A petition was filed in this court by relator, May 3, 1923, praying for a writ of prohibition to restrain the Circuit Court of Lincoln County from removing the relator, Burns, as administrator with the will annexed of the estate of Jacob Linder, deceased, from appointing Albert Linder as such administrator and other proceedings in pursuance of such appointment.

The respondents, Edgar B. Woolfolk, judge of the Circuit Court of Lincoln County, and Albert Linder, on the —— day of June, 1923, of this court, filed their return, setting forth certain proceedings in the Circuit Court of Lincoln County on appeal from the probate court of that county, and the opinion and mandate of the St. Louis Court of Appeals rendered on appeal from said circuit court. The relator, September 26, 1923, filed in this court his demurrer to the return of respondents, so the case stands here upon the facts stated in said return. This demurrer is treated as a motion for judgment on the pleadings, and we shall so consider it.

The opinion of the St. Louis Court of Appeals sets out the facts, showing that Jacob Linder died in East St. Louis, December 24, 1915. He left a will dividing his

entire estate amongst his four children. No executor was named. The widow of the testator died about ten months after his death. Of his four children the respondent, Albert Linder, alone lived in Missouri, at St. Louis. The others lived in other states. Albert Linder, without avail and for reasons not necessary to consider, attempted to procure letters of administration in the Probate Court of the City of St. Louis. In February, 1917, Frank A. Linder, a son, residing in Illinois, produced a will in the Probate Court of Lincoln County, Missouri, and on sufficient proof that Jacob Linder died a resident of that county, caused the will to be probated, and the respondent, John L. Burns, appointed administrator with the will annexed. The application for the appointment of Burns showed on its face that Albert Linder lived in the city of St. Louis, Missouri, and that all the other heirs were non-residents. No citation of intention to apply for letters of administration was issued to Albert Linder, and he had no knowledge that such action was contemplated.

In September, 1917, Albert Linder learned of the situation; then he and L. J. Linder filed a petition in the Probate Court of Lincoln County, asking that court to set aside the appointment of Burns and to appoint Albert Linder administrator with will annexed. The probate court overruled his motion. He appealed to the circuit court, which also rendered judgment against him. He then appealed to the St. Louis Court of Appeals and that court reversed the judgment of the circuit court. The opinion concluded with this language:

"The judgment of the circuit court is reversed and this cause remanded with directions to the circuit court to set aside its order and judgment overruling and dismissing plaintiff's motion to remove John L. Burns as administrator of the estate of Jacob Linder, deceased, and to revoke the letters of administration with the will annexed issued to said John L. Burns; to sustain the plaintiff's motion to remove John L. Burns as administrator of the estate of Jacob Linder, deceased, and appoint a new administrator in accordance with the law, and to require said John L. Burns, administrator of the estate

303 Mo. Sup.—38

of Jacob Linder, deceased, to account for all the property and effects by him received as such administrator, and to certify said judgment to the Probate Court of Lincoln County."

In pursuance of the opinion mandate was issued by said court.

After the filing in the circuit court of the opinion and mandate of the Court of Appeals, Albert Linder and L. J. Linder filed their motion in the probate court for judgment in that court in pursuance of the mandate of the Court of Appeals. Thereupon the circuit court at the December term, 1922, entered the following judgment:

"*Albert Linder and L. J. Linder, Plaintiffs, v. John L. Burns, Administrator of the Estate of Jacob Linder, Deceased, Defendant.*

"Now at this day come the plaintiffs in the above entitled cause and also comes the defendant, and the plaintiffs' motion for judgment herein and the application of the plaintiff, Albert Linder, for appointment as administrator with the will annexed of the estate of Jacob Linder, deceased, coming on to be heard and being presented to the court, the plaintiffs present the mandate of the St. Louis Court of Appeals heretofore filed in this court on the 2nd day of September, 1922, and the court being satisfied from the evidence adduced that the said Albert Linder is in all respects qualified to act as administrator of said estate and the said Albert Linder is the only distributee of said estate who is qualified to act as such administrator, and that said Albert Linder has fully complied with the law, entitling him to administer upon said estate, the court doth, therefore, pursuant to the directions of said mandate of the St. Louis Court of Appeals, order and adjudge that its order and judgment heretofore rendered in this cause overruling and dismissing plaintiffs' motion to remove John L. Burns, as administrator of the estate of Jacob Linder, deceased, be and hereby is set aside, and that the letters of administration with the will annexed, issued to said John L. Burns, be and are

hereby revoked; that the plaintiffs' motion to remove John L. Burns as administrator of the estate of Jacob Linder, deceased, be and hereby is sustained, and that the said Albert Linder be and is hereby appointed as administrator with the will annexed of said estate; that the amount of the bond of said Albert Linder as such administrator be and is hereby fixed at the sum of sixteen hundred dollars, and it is ordered that upon the execution, filing and approval of such bond in this court the said John L. Burns make an accounting and settlement of his accounts with said estate in this court, and it is ordered that the plaintiffs recover of defendant John L. Burns the costs in this proceeding and that execution issue therefor.''

Other proceedings shown in the record will be noticed more fully below.

I. It is claimed by relator that the circuit court had no original jurisdiction to proceed in the matter of removing Burns and appointing Albert Linder administrator and fixing his bond.

Jurisdiction.

Section 34, Article VI, of the Constitution of Missouri, gives the probate courts of the State exclusive original jurisdiction in all matters appertaining to probate business, including the granting of letters of administration, the settling of accounts of executors and administrators, etc. The statutes, Sections 1, 3, 4, 48, Revised Statutes 1919, relating to the granting of letters of administration approving bonds, accounting, etc., vest probate courts alone with original jurisdiction of such matters. Under Article XII, Chapter I, Revised Statutes 1919, circuit courts have only appellate jurisdiction. The circuit court here had jurisdiction to consider only matters considered, adjudged and appealed from in the probate court. The Court of Appeals in reversing the judgment could order the circuit court to adjudge only those questions. After the circuit court had rendered judgment in the matter appealed to it from the probate court, it was the duty of the clerk of the Circuit Court to certify

a transcript of the record of its proceedings to the probate court. [Sec. 291, R. S. 1919.]

II. It becomes, then, necessary to inquire just what were the issues presented to the probate court and what definitely was the order of the probate court from which appeal was taken to the circuit court.

Excess of Jurisdiction.

The motion filed by Albert Linder in the probate court is not set out in the record, but the return of the respondents states that Albert Linder and L. J. Linder, "made application to said probate court, for the removal of the said John L. Burns and for the revocation of his letters as said administrator, and for the appointment of Albert Linder as the administrator of said estate, and asking that the appointment of said Burns as administrator be set aside."

It is further alleged in the return that the probate court overruled the application, and adjudged that Burns be not removed and that Albert Linder be not appointed as administrator of said estate. Nothing further is mentioned as being included in the motion, or in the order of the probate court in ruling upon it. So on appeal to the circuit court that court had jurisdiction to determine the propriety of that ruling, and nothing more.

The Court of Appeals in its opinion and mandate, in addition to reversing the judgment of the circuit court, further directed the circuit court to order Burns to account for all property and effects received by him as administrator. The circuit court, in pursuance of the mandate, by its judgment as set out above, reversed its former ruling, removed Burns and appointed Linder; then it went further and fixed Linder's bond at $1600, and ordered Burns to make an accounting. The orders and judgments of the circuit court removing Burns and appointing Linder were entirely within the issues pending in that court on appeal. It had appellate jurisdiction of those questions and, having determined them, it was the duty of the circuit clerk to certify the judgment to the

probate court, which alone had jurisdiction to require an accounting and fix the administrator's bond.

III.   The petitioner, however, is not content with attempting to restrain the circuit court from thus exceeding its jurisdiction.   He claims that the circuit court had no jurisdiction to remove Burns or appoint Linder, and that such action was entirely within the jurisdiction of the probate court as a court of original jurisdiction in such matters.   The petitioner probably feels that he would accomplish nothing here unless he could prevent his own removal and the appointment of Linder; therefore, he attacks the jurisdiction of the circuit court to make such orders, arguing that all the circuit court could do, and all the Court of Appeals could order it to do, was to reverse the judgment of the probate court and then allow the probate court to act as it should see fit.   This is a misapprehension of the effect of the appeal.   The circuit court had appellate jurisdiction to determine every question of law and fact passed upon by the probate court and appealed from.   The issues presented in the probate court were whether Burns had been properly appointed, and whether Albert Linder, being the sole resident son of the deceased, had prior right to administer on the estate.   These were the questions determined by the probate court, presented to the circuit court on appeal, and, in pursuance to the mandate of the Court of Appeals, determined adversely to the relator.   On the certification of the judgment to the probate court, that court would have nothing to do with the appointment or removal; that was settled in the circuit court.   The probate court then would have jurisdiction of the case to order an accounting and to fix the bond of Linder.   Those were matters of which it had original jurisdiction, and which were not presented to the circuit court nor determined there on appeal.

It was said by this court in State ex rel. v. Bird, 253 Mo. l. c. 591, in regard to the judgment in the circuit court on appeal from the probate court: "The act of certify-

<span style="margin-left:0">Removal of Administrator.</span>

ing a transcript of a judgment of the circuit court to the probate court in a case like this is intended as an official notice to the latter court of the result of the appeal in the circuit court, the same as a mandate of this court is a notice to the trial court of the disposition of an appeal to this court; and when an order of the nature now in judgment is affirmed by the circuit court, it becomes the duty of the probate court, and not of the circuit court, to enforce such order."

It follows, therefore, that an absolute rule in prohibition should be granted to prevent the circuit court from fixing the bond of Albert Linder, as administrator, and from requiring an accounting on the part of Burns.

.The preliminary rule as to other matters is discharged, allowing to stand unimpaired the judgment of the circuit court removing Burns and appointing Albert Linder as administrator. All concur.