STATE of Missouri ex rel. Robert C. REIS, Administrator D.B.N. of the Estate of Jake Novich, Relator,

v.

Honorable James F. NANGLE, Judge, Circuit Court of the City of St. Louis,

Respondent.

No. 30796.

St. Louis Court of Appeals. Missouri.

Sept. 19, 1961.

Robert C. Reis, St. Louis, for relator.

Bernard J. Mellman, St. Louis, for respondent.

BRADY, Commissioner.

This is an original proceeding upon a petition seeking an alternative writ of mandamus. The petition alleged that Robert C. Reis, hereinafter referred to as the petitioner, is the duly appointed and acting administrator de bonis non of the estate of Jake (Jacob) Novich, whose estate is pending in the probate court of the City of St. Louis; that, acting in such capacity, he filed exceptions to the annual settlements and Settlement to Revocation filed by one Cecil Block, former administrator of this estate; and that the probate court appointed a special commissioner to hear such exceptions. The petition further alleges that the probate court, upon receiving the special

commissioner's report, entered the following judgment on petitioner's exceptions:

"Settlement to Revocation surcharged and restated to conform with judgment on Exceptions and Special Commissioner's Report entered this day. Settlement to Revocation approved as surcharged and restated and balance ordered transferred to Administrator De Bonis Non Robert C. Reis. It appearing to the court that assets of a value of $4,017.31 have been transferred to said Administrator De Bonis Non, judgment entered against former administrator, Cecil Block, and Maryland Casualty Company in sum of $14,-055.05, former administrator and surety ordered to pay judgment in sum of $14,055.05.

"It is further ordered by the Court that said former administrator, Cecil Block, and his surety, Maryland Casualty Company, pay said judgment in the sum of $14,055.05 to Robert C. Reis, Administrator De Bonis Non, of this estate."

Petitioner then alleged that he did not take any appeal from this judgment but that Block and his surety filed their notice of appeal from this judgment; that the respondent, upon being assigned the appeal for trial, appointed a referee to take testimony and evidence in connection with this appeal; and that Block and his surety filed a motion to limit the evidence which the referee was to hear. This motion stated that Block's appeal was from the probate court's order overruling his exceptions to the report and findings made by the special commissioner appointed by the probate court, and also was from the probate court's order sustaining the portion of the exceptions filed by the petitioner. The motion then set out that the order of the probate court also denied and overruled certain other exceptions filed by the petitioner and stated that the petitioner filed no notice of appeal from those rulings. The motion alleged that the petitioner had sought to

introduce evidence pertaining to the objections which he filed in the probate court from the ruling upon which he filed no appeal, and alleged that these matters were res adjudicata and not material nor relevant to the issues pending in the circuit court. The petitioner alleges further that such a motion was sustained by the respondent and that such action by respondent is "without authority in law" because it was respondent's duty to hear and determine the cause anew without regard to any error or defect or other imperfection in the proceedings of the probate court; that because of the trial court's ruling on Block's motion, the "entire action" cannot be heard again, as required by § 472.250 RSMo 1949 (now ·§ 472.250 ·RSMo 1959) V.A.M.S.; and that the petitioner does not have a plain, speedy and adequate remedy at law. Petitioner prayed for the issuance of our alternative writ compelling respondent to vacate his order limiting the evidence to be heard by the referee.

Upon receipt of the petition we entered our order granting petitioner leave to file without complying with the five days notice required by Rule 83.22, Missouri Rules of Civil Procedure, V.A.M.R., and allowed respondent five days in which to file suggestions in opposition to the issuance of the writ, and later granted an extension of time. Upon respondent's suggestions in opposition being filed, we granted the petitioner five days to reply thereto, and upon these being filed we duly considered the suggestions of the parties and determined that our alternative writ should issue. The respondent waived the service of the alternative writ and filed his return thereto by which he admitted, denied and alleged: that petitioner is the duly appointed administrator of the estate of Jake Novich; that while the judgment of the probate court was as set out in the petition and as quoted herein, the report of the special commissioner "* * * sustained certain of the exceptions of relator and overruled others of such exceptions"; that prior to the ruling of the probate court, the petitioner filed certain exceptions to rulings which were adverse to him; and that the probate court entered its order overruling all of Block's exceptions and entered another order overruling all but two of the petitioner's exceptions, which two were sustained. The respondent has attached certified copies of the orders of the probate court to his suggestions filed in opposition to the issuance of our alternative writ, and incorporated these in his return by specific reference thereto. The return admitted that petitioner filed no appeal from the judgment of the probate court and that Block and his surety had done so, but stated that their appeal was specifically and only from the probate court's order overruling Block's exceptions, sustaining two of the petitioner's exceptions and ordering Block to pay $14,055.05. A certified copy of the appeal taken by Block was attached to the suggestions of the respondent and incorporated in the return by specific reference thereto. The respondent's return then admitted that the motion to limit evidence before the referee appointed by the respondent was filed as petitioner alleged, but stated that this was because the petitioner had sought in the referee's hearings to introduce evidence upon petitioner's exceptions to the findings of the probate court's special commissioner which the probate court had overruled and from which ruling the petitioner filed no appeal to the circuit court, and that the respondent sustained this motion and stated that respondent's jurisdiction is limited to those matters which were litigated in the probate court and from which decision an appeal was taken to the circuit court, and that he has no jurisdiction to review those orders of the probate court from which petitioner did not take an appeal. Respondent further alleged that petitioner has an adequate remedy at law, and prayed for our order setting aside and dissolving our alternative writ and that we dismiss the petition.

The only other pleading filed was entitled "Relator's Motion for Peremptory Writ of Mandamus" by which the petitioner stated

that the respondent's return did not "set forth facts sufficient to constitute a defense to said writ." We set the case for hearing and at our May docket, by stipulation of the parties and with our leave, the matter was submitted on the pleadings and suggestions previously filed.

As was stated in State ex rel. Priest v. Gunn, et al., Mo., 326 S.W.2d 314, local citation page 328 [15–19], §§ 529.010–529.030 RSMo 1949, now §§ 529.010–529.030 RSMo 1959, V.A.M.S., prescribe the pleadings in mandamus and are much the same in substance and even in wording as in the Statute of Anne (9 Anne C. 20, Year 1710). These sections provide for (a) a return to the alternative writ (§ 529.010, supra); (b) a pleading to or traverse of "all or any of the material facts contained in" the return (§ 529.020, supra); and (c) a reply or other pleading taking issue with (b) or a motion directed thereto (§ 529.030, supra). Ordinarily the alternative writ is the first pleading but here, as in the Gunn case, the petition was treated as the alternative writ and the return directed thereto. In the instant case, the petitioner directed a motion to the return which was in the nature of a motion for judgment on the pleadings and admitted all the facts well pleaded in the return. State ex rel. Gehrig v. Medley, Mo.App., 28 S.W.2d 1040, State ex rel. Evans v. Stahlhuth, Mo.App., 183 S.W.2d 384.

Mandamus issues only where a clear and specific right is to be enforced or a duty ought to be, and can be, performed; there is no other specific and adequate legal remedy; and the right to be protected is clearly established, State ex rel. Coffman v. Crain, Mo.App., 308 S.W.2d 451. Under modern procedure it is not a writ of right, and should be issued only in the exercise of our sound discretion, State ex rel. Huskey v. Eversole, Mo.App., 177 S.W.2d 654; State ex rel. Continental Oil Co. v. Waddill, Mo., 318 S.W.2d 281; and so we must first determine whether mandamus is the proper remedy in this case.

The respondent first contends that mandamus is not the proper remedy because the setting aside the respondent's order limiting the evidence to that pertaining to Block's appealed exceptions is not a ministerial act but is an act necessarily involving the exercise of judicial ˏdiscretion in determining what evidence is, or is not, relevant to the matter before it. This contention is without merit. In State ex rel. Fielder v. Kirkwood, 345 Mo. 1089, 138 S.W.2d 1009, at local citation pages 1010–1011, [2, 3–5], the court said:

"[2] Mandamus will not issue to an inferior court whenever there is another adequate remedy such as appeal or writ of error; or to review the proceedings on the ground of error; or to direct the entry of a particular judgment. But mandamus will lie to set an inferior court in motion (State ex rel. Laclede Bank v. Lewis, 76 Mo. 370) to hear and determine a cause or matter in issue in the exercise of its judicial function when its refusal to act is a denial of justice. State ex rel. Harris v. Laughlin, 75 Mo. 358.

"[3–5] We have established the rule that when, upon a preliminary question of jurisdiction depending wholly upon the law and not upon the facts, the court misconceives its jurisdiction of the cause or of the parties and refuses to proceed to a final determination upon the merits then the appellate court will issue its writ of mandamus to compel the lower court to reinstate the matter and proceed to its final determination without attempting to dictate what the result of such determination shall be. Castello v. St. Louis Circuit Court, 28 Mo. 259; State ex rel. Wright v. McElhinney, Mo.App., 72 S.W.2d 895, and the cases therein cited. As the facts in the case at bar pertaining to the question of ˙jurisdiction over the Belt Railway are admitted, the question is one purely of law and the above rule applies. State ex rel. Case

v. Seehorn, 283 Mo. 508, 223 S.W. 664. In such cases no question of fact being involved, we have held that an appeal or writ of error would not furnish an adequate remedy. State ex rel. General Motors Acceptance Corp. v. Brown, 330 Mo. 220, 48 S.W. 2d 857. Mandamus is the proper remedy here."

There is no dispute upon the facts in the case before us. All that is in dispute is the extent of the circuit court's hearing. That is purely a question of law. If we determine that our preliminary writ should be made absolute, we would direct the respondent to hear all the matters adjudicated in the probate court, but this does not mean we would be dictating the result of that hearing. The situation is analogous to the Kirkwood case quoted from above, where an order dismissing a case as to one of two defendants was set aside and the trial then proceeded against both defendants. It would be a ministerial act that the public officer involved, the respondent judge, would be required to perform upon a given state of facts in a prescribed manner, in obedience to the mandate of legal authority and without regard to his own judgment concerning the propriety of the act to be performed. State ex rel. North & South Railroad Company v. Meier, 143 Mo. 439, 45 S.W. 306. If we determine herein that the relator has a clear right to have his exceptions heard de novo in the circuit court, then it would be the imperative duty of that court to hear them and to perform the ministerial act required to do so, namely, setting aside its order which excluded evidence upon those exceptions. State ex rel. and to Use of Markwell v. Colt, Mo.App., 199 S.W.2d 412. While mandamus will not lie to control the exercise of a discretionary power, it will issue to command the performance of duties when the discretionary power is exercised with manifest injustice, State ex rel. Kugler v. Tillatson, Mo.App., 304 S.W.2d 485, transferred 312 S.W.2d 753.

The respondent next contends that the relator has "an adequate remedy at law" and urges that our alternative writ should not be made permanent for this reason. Such language tends to confuse the true character of a mandamus proceeding. Although the issuance of the writ is largely controlled by equitable principles, in this state mandamus is a legal, as contrasted with equitable, proceeding, State ex rel. Horton v. Bourke, 344 Mo. 826, 129 S.W.2d 866; State ex rel. Onion v. Supreme Temple Pythian Sisters, 227 Mo.App. 557, 54 S.W.2d 468; State ex rel. Kinneard v. Jackson County Court, Mo.App., 17 S.W.2d 572; State ex rel. Journal Printing Company v. Dreyer, 183 Mo.App. 463, 167 S.W. 1123; State ex rel. First National Bank v. Bourne, 151 Mo.App. 104, 131 S.W. 896. Since mandamus is itself a legal and not equitable remedy, what respondent must mean and should more clearly state is that as a general rule mandamus will not lie where there is another plain, speedy, and adequate remedy at law. See the Missouri cases cited in 55 C.J.S. Mandamus § 17, Note 29, page 42, and see also State ex rel. Coffman v. Crain, Mo.App., 308 S.W.2d 451; State ex rel. Phillip v. Public School Retirement System of the City of St. Louis, 364 Mo. 395, 262 S.W.2d 569; State ex rel. Dietz v. Carter, Mo.App., 319 S.W. 2d 56. But it is well settled that this other remedy must be equally as convenient, beneficial and effective as mandamus, State ex rel. Marcum v. Sappington, Mo.App., 261 S.W.2d 385; State ex rel. Wells v. Mayfield, 365 Mo. 238, 281 S.W.2d 9. In the instant case, if we were to agree with relator that his exceptions are before the circuit court for its determination de novo but also hold that there is an adequate remedy at law and thus refuse to make our writ absolute, the circuit court would hear and determine only a part of what it should, and so subject the relator to another trial where not only would the evidence now ruled inadmissible be considered, but the very matter previously heard would

have to be heard again because of the interdependence of both upon the final judgment. It is obvious that under such facts the remedy of appeal would not be as convenient, beneficial and effective as our writ and could in fact be detrimental to the interest of justice in allowing the costs of the appeal and third hearing of the same matter to unduly diminish the assets of the estate. Mandamus is the proper remedy.

■ The right of appeal from a judgment of the probate court is a right existing solely by virtue of statute, State ex rel. Grover v. Fowler, 108 Mo. 465, 18 S.W. 968; Marshall v. Estate of Shoemaker, 164 Mo.App. 429, 144 S.W. 1120. These statutes are to be liberally construed so as to extend rather than restrict the statutory right to appeal, In re Duggan's Estate, Mo. App., 309 S.W.2d 137; State ex rel. Jones v. Davis, 240 Mo.App. 411, 216 S.W.2d 155.

While there is now statutory authority for the filing of objections to the final settlement, § 473.590 RSMo 1949, now § 473.590 RSMo 1959, V.A.M.S., prior to the adoption of such specific statutory authority this was the general practice and was accepted by the courts of this State, In re Mills' Estate, 349 Mo. 611, 162 S.W.2d 807, at local citation page 811 [2–7], and cases cited therein. In that case it was stated that the filing of exceptions (in that case to the final settlement) has the effect of setting aside the order approving the final settlement, suspends the operation of the settlement and keeps the estate open. There is still no such authority in the statutes as to annual or semi-annual settlements. In his work on Probate Law and Practice, at § 1373, page 528, Maus suggests that the reason there is no statutory authority given for the filing of objections to annual or semi-annual settlements is that there is no statutory requirement that notice of such settlements be given, although the probate court may order notice of such settlements. That writer further suggests that a semi-annual or annual settlement is

really for the purpose of information and may be inquired into and the matter stated therein questioned upon final settlement. That such inquiry could be made upon final settlement was undoubtedly the rule under our procedure and statutes prior to the adoption of the 1955 probate code and since the 1955 code and its amendments are silent as to the requirement of notice for such settlements, the prior rule would seem equally applicable under its provisions. Be that as it may, the practice generally is to file objections to an annual or semi-annual settlement, and an appeal will lie from an order overruling these objections under the provisions of § 472.160, subd. 1 (2) RSMo 1949, as amended, Laws of Missouri, 1957, page 829, § 1, (now § 472.160 RSMo 1959) V.A.M.S., which specifically provides for appeals by "Any interested person aggrieved thereby" to be taken from "all settlements of executors and administrators * * *." This court specifically passed upon the propriety of such appeals in the case of In re Turley, Mo.App., 164 S.W.2d 169, at local citation page 173 [1, 2]. In that case this court held that an appeal could be taken, citing Hines v. Hook, 338 Mo. 114, 89 S.W.2d 52; Veterans Administration v. Boles, 227 Mo.App. 1023, 61 S.W.2d 757, and stating at the local citation set forth above:

"* * * Apparently the right of appeal is held to exist in such instances upon the theory that the appeal is not from the annual or partial settlement as such, but from the order overruling the exceptions filed, and therefore within the contemplation of Section 2100, R.S.Mo.1939, Mo.R.S.A. § 2100, which invests the circuit court with appellate jurisdiction from the judgments and orders of the probate court in all cases not expressly prohibited by law.

"If the Administrator of Veterans' Affairs has the right of appeal from an order of the probate court overruling his exceptions to allowances claimed by the guardian of an insane ward in

an annual or partial settlement, then by the same token (if not, in fact, by more compelling reasoning) the guardian should have the right of appeal where the probate court sustains the exceptions and surcharges his accounts with the amount of the items disallowed. The appeal in question was from such an order; and the controlling precedents support the conclusion that it was properly allowed."

Section 2100, R.S.Mo.1939, cited in the above set out excerpt, is now § 478.070, (4) RSMo 1949, now § 478.070, (4) RSMo 1959, V.A.M.S. There is therefore no doubt but that an appeal to the circuit court from the rulings of the probate court upon the exceptions was available to both Block and the petitioner. Neither does there seem to be any difference between the parties on the point that the procedure in the circuit court is to be de novo. The question is as to what is to be tried de novo upon Block's appeal. Petitioner contends it was not necessary for him to appeal in order to present anew to the circuit court his evidence with regard to the various exceptions to the settlements which he had filed in the probate court and which the probate court had adjudicated. His argument is that these rulings were necessarily merged into the judgment and that since Block's appeal was from the judgment, it had the effect of bringing before the circuit court not only the specific exceptions ruled adversely to Block but those ruled in his favor and adversely to petitioner, because all would have had to be considered by the probate court in arriving at its judgment. Respondent contends that in order for a matter to be properly before the circuit court on an appeal from the probate court, it is necessary that the issues have been litigated before the probate court and also have been specifically made the subject, or one of the subjects, of the appeal.

■ The provisions of the probate code governing appeals from the probate court to the circuit court are found in §§ 472.160–472.270 RSMo 1949, V.A.M.S. Those sections pertinent to our inquiry will be separately noted. Section 472.160, supra, was amended in 1957 (Laws of Missouri, 1957, page 829, § 1) and provides (see § 472.160 RSMo 1959, V.A.M.S.) for an appeal by "Any interested person aggrieved" by an order, judgment or decree of the probate court upon, among other matters, "all settlements of executors and administrators." There is no doubt that Block and the petitioner come within the term "person" as used in that section, In re Duggan's Estate, supra. Section 472.210, supra, requires an affidavit to be filed, and § 472.230 provides that "Upon the filing of the affidavit and bond and the approval of the latter the appeal shall be granted * * *." Whether this section requires a specific order of the probate court granting the appeal or not, or whether such approval automatically follows the filing of the affidavit and approval of the bond is not pertinent to our inquiry, for such an order was entered by the probate court in the instant case. Section 472.240 RSMo 1949, now § 472.240 RSMo 1959, V.A.M.S., provides for the transmittal to the clerk of the circuit court by the clerk of the probate court of a certified transcript of "* * * the records and proceedings as ordered in writing by the appellant or the respondent." That same section further provides that upon the appeal being "assigned for hearing" the clerk of the probate court "shall transmit such original papers in the case as are requested" by the circuit court of any interested person. Section 472.250, supra, reads:

"Upon the filing of the transcript and papers in the office of the clerk of the circuit court, the court is possessed of the cause, and shall proceed to hear, try and determine the same anew, without regard to any error, defect or other imperfection in the proceedings of the probate court. When any appeal is dismissed by the circuit court, either on request of appellant or otherwise,

the judgment or order appealed from shall continue in full force and effect."

We find nothing in the wording of any of the pertinent statutes that would reasonably lead us to adopt respondent's position. An eminent authority has said that "While not expressly required by statute, it is inherently required that the affidavit set forth the decision complained of." Maus, Probate Law and Practice, § 573, page 547, but with due respect to that learned authority, we find nothing in § 472.210 RSMo 1949 (now § 472.210 RSMo 1959) V.A.M.S. to compel us to that decision. That section reads as follows:

"The applicant for appeal, his agent or attorney, shall file an affidavit that the appeal is not taken for the purpose of vexation or delay, but because the affiant believes the appellant is aggrieved by the decision of the court."

The form of the affidavit for appeal as approved by the Forms Committee of the Missouri Association of Probate Judges and found in V.A.M.S. along with this section confines itself purely and simply to the language of the above quoted section. We think it is correct in doing so, as we can find no basis for interpolating into this plain and clear language any intention on the part of the legislature to require this affidavit not only to state the requirements of the statute but also to set forth each of the particular decisions of the probate court that formed the basis of the "order, judgment or decree" of the probate court appealed from. Neither do we find anything in § 472.240, supra, favorable to respondent's position. It is true that section provides for the transmittal to the clerk of the circuit court by the clerk of the probate court a certified transcript of the records and proceedings "as ordered in writing by the appellant or the respondent" and further provides that upon the case being heard in the circuit court, the clerk of the probate court, as requested by the circuit court or any interested party, shall transmit such original papers in the case

as are requested, but it is certainly a matter of common knowledge that the petitions, audits and other papers that may be filed in an estate while it is being probated reach somewhat voluminous proportions. What the legislature intended by this section was simply to provide the appellant or the respondent with an opportunity to avoid the undue depletion of the estate's funds that would result from the cost of transcripts if every paper filed had to be included in the transcript.

On the other hand, the language of § 472.250, supra, is plain, clear, and unequivocal. Upon the filing of the transcript and papers in the office of the clerk of the circuit court, "the court is possessed of *the cause,* and shall proceed to hear, try and determine *the same* anew, without regard to any error, defect or other imperfection in the proceedings of the probate court. * * *" (Emphasis supplied.) The clear command of that language is that "the cause" is to be heard anew and the use of such terminology clearly negates any implication that, as respondent contends, all that is to be heard anew is what was specifically appealed. As above indicated, we find nothing in the other pertinent sections of the probate code that modifies or restricts § 472.250, supra, in the manner respondent would have it. The plain and unequivocal language of this section brings before the circuit court all of the matters in "the cause" that were litigated in the probate court.

We are not only compelled to adopt petitioner's contention because of the clear wording of the statutes but also because an examination of the cases relied upon by the respondent leads us to the same result. For example, in the Mills case, supra (In re Mills, 349 Mo. 611, 162 S.W.2d 807), at page 810, the court said, quoting from Leahy v. Campbell et al., 274 Mo. 343, 202 S.W. 1114, 1115 [2]:

"The circuit court only acquired jurisdiction over the matter litigated

and fought out in the probate court from which the appeal was taken."

Other cases cited by the court in the Mills case for this quotation are State ex rel. Burns v. Woolfolk, 303 Mo. 589, 262 S.W. 346 [1]; In re Ermeling's Estate, Mo., 119 S.W.2d 755 at page 758 [6]; and In re Harr & Harr's Estate (Harr v. Hawkins) 224 Mo.App. 6, 22 S.W.2d 209 at page 214 [4]. These cases and others which will be referred to herein using the same or similar language are also relied upon by respondent, but a careful reading of them will compel a different interpretation of that language from that urged by respondent.

In the Mills case, the appellant filed no exceptions to the final settlement, contenting himself only with an affidavit of appeal and urging that this was sufficient to bring the matter before the circuit court. After stating the quotation set out above and discussing the practice and effect of filing exceptions, the court held at local citation page 811 [8–10] of 162 S.W.2d:

> "Some of appellant's cases may contain broad observations, in the nature of dictum, tending to sustain her contention; but we read them as not necessarily ruling the issue here presented. An appeal from the probate to the circuit court differs from an ordinary review proceeding to determine the validity of proceedings had nisi. Section 291 provides for a hearing, trial and determination 'anew'; that is, a trial de novo on the facts and the law. But the words 'appeals' (in § 283) and 'court having appellate jurisdiction,' emphasized by the word 'anew' with respect to the hearing, trial and determination in the circuit court (in § 291), is premised upon a prior hearing, trial and determination in the probate court and contemplates the relitigation of a matter theretofore litigated and fought out in the probate court—a hearing, trial and determination of the matter for a second time,

a review de novo. An executor or administrator is entitled to a decision of the probate court on objections to his settlements and the privilege of abiding by adverse determinations if he so chooses. Whether in particular instances amendments or additions may be considered in the furtherance of justice by the circuit court upon appeals involving final settlements is not for determination. Here, the probate court never heard, tried or determined any contested matter in so far as the order of the probate court granting appellant's appeal is concerned and there was nothing for the circuit court to 'hear, try and determine' 'anew' upon said attempted appeal."

It is obvious that regardless of the language used what the court was holding was that without exceptions being filed and the issues they raised being litigated below, a mere affidavit was not sufficient to present those issues to the circuit court for review, there then being nothing to relitigate. This is precisely the interpretation of the opinion this court gave this language in the case of In re Mills Estate, 238 Mo.App. 373, 183 S.W.2d 369, when at local citation page 371 this court said, when speaking of the opinion, that it

> "* * * held that for the want of such exceptions in the probate court specifically raising the issue of Sheehan's negligence in the operation of the business, there had been no such question to be tried anew at the hearing of the case in the circuit court."

The Leahy case from which the court in the Mills case quoted the excerpt set out herein is likewise a case that upon careful reading discloses that the court was in fact referring to and ruling that only the issues litigated in the probate court could be considered on an appeal. While the language of the opinion in Leahy at several places refers to the appeals taken, a careful reading discloses that the holding there is actually that since the appointment

of the administrator pendente lite took place after the order for suspension of the administrator was made, the validity of his appointment was never contested in the probate court or the circuit court, and therefore could not be reviewed. In other words, since this was not an issue litigated in those courts, it could not be relitigated on appeal. The court in the Leahy case quotes from Branson v. Branson, 102 Mo. 613, 15 S.W. 74, but that case is of no assistance to the respondent. There the administrators filed their final settlement in the probate court and four of the heirs filed exceptions thereto. Some of these exceptions were sustained, and some overruled, and the administrators took an appeal to the circuit court, and from its decision the heirs took an appeal to the Supreme Court. At local citation page 616 in the report in 102 Mo., at page 74 of 15 S.W., it is stated that "The controversy was heard anew in the circuit court * * *", and a careful reading of the opinion discloses that the circuit court did in fact have the entire matter before it because it added an item to the probate court's decision which inadvertently had been left out of the probate court's decision. Since it had been left out, it surely could not have been specifically appealed. Moreover, that portion of the opinion quoted in the Leahy case was occasioned when the court said, at local citation page 619 of the report in 102 Mo., at page 75 of 15 S.W.:

> " * * * and the question arises whether that court (the circuit court) could go on and close up the administration by receiving the report of sale of the notes and accounts, make an additional order for the distribution of the proceeds arising from that sale, and discharge the administrators."

In short, the circuit court, without certifying its decision to the probate court, attempted to go on and act to carry into effect its decision. The Supreme Court held that the circuit court could not do so, stating 102 Mo. at local citation page 620, 15 S.W. at page 75:

> "The statute provides in express terms that the appeal in probate matters shall not be a *supersedeas* in any other matter relating to the administration of the estate except that from which the appeal is specially taken; and the proceedings had in the circuit court must be certified back to the probate court. Sections 297, 300, Rev.St. 1879. It is therefore clear that the appellate court acquires jurisdiction only of the particular order or judgment appealed from. It is that order, and that only, which it can reconsider. * * *"

When the last portion of that excerpt is read in context, it is seen that the court was not speaking of the question confronting this court in the instant case but was referring to an attempt of the circuit court to effectuate its own decision and the holding is that it could not do so. Taken in context, the quotation gives no assistance to the respondent's position and actually is authority contra, for the circuit court did go beyond the specific appeal to the circuit court. This same quotation is sufficient to dispose of any contention that the present section corresponding to RSMo.1879, § 297.300, being § 472.230 RSMo 1949 (§ 472.230 RSMo 1959) V.A.M.S., compels the adoption of respondent's position.

In State ex rel. Burns v. Woolfolk, 303 Mo. 589, 262 S.W. 346, 348, supra, a writ of prohibition was sought to restrain the circuit court of Lincoln County from removing the relator who was the administrator. While the opinion in several places uses wording which, lifted out of context, would assist the respondent (vis, "The circuit court here had jurisdiction to consider only matters considered, adjudged and appealed from in the probate court"), when read in context it will be seen that the holding of the court was that only issues tried in probate court were properly before the circuit court for determination on appeal. Thus, the court made absolute its preliminary rule to prevent the circuit court from doing acts such as fixing the

bond of the new administrator because those matters were beyond the issues tried in the circuit court and could only be done by the probate court. The case of In re Ermeling's Estate, supra, falls into that same line of cases, holding that since the probate court had no power to cancel a deed of trust, the circuit court on appeal had none either. It is interesting to note that the opinion recites that the case was tried in the circuit court "de novo." To the same line of cases also belongs In re Harr & Harr's Estate, 224 Mo.App. 6, 22 S.W.2d 209 (see local citation page 214 [4]). In that case the circuit court ordered a distribution of the estate and the appellate court held, at the citation given above:

"The probate court made no order of distribution, but merely ruled and passed upon the items of credit claimed by the administrator, denied same, and found the amount due the estate. *The appeal followed, and the only matter for disposition upon said appeal was the same matter presented to and passed upon by the probate court; that is, adjustment of the final settlement.* Sections 287, 289, R.S.Mo.1919; Branson v. Branson, 102 Mo. [613] 620, 15 S.W. 74; Leahy v. Campbell, 274 Mo. [343] 356, 202 S.W. 1114." (Emphasis supplied.)

In his suggestions respondent also relies upon In re Turley, Mo.App., 164 S.W.2d 169. In our view that case, a decision of this court in 1942, is actually authority for the permanency of our writ. The case involved an appeal from the judgment of the circuit court affirming the order of the probate court sustaining exceptions to an annual settlement filed by the guardian of a person adjudicated non compos mentis and surcharging the accounts of the guardian in the amount of the disallowed credits. After holding, as herein earlier noted, that an appeal lies from an order overruling exceptions to an annual or partial settlement, the court went on to hold that only

those questions of law and fact which were passed on by the probate court were properly before the circuit court for its trial anew. The importance of the case to us lies in the concise language used by the court. At local citation page 173 [4] of 164 S.W.2d the court held:

"It is well settled that on appeal to the circuit court from an order or judgment of the probate court, the circuit court derives jurisdiction to determine only those matters considered, adjudged, and appealed from in the probate court. In other words, its appellate jurisdiction is restricted in such instances to the trial anew of the questions of law and fact which were passed upon by the probate court *in the entry of the particular order or judgment appealed from*; and if it extends the scope of its review beyond such limitation, it acts in excess of jurisdiction, and its judgment or decision in such respect is void and of no avail. State ex rel. v. Woolfolk, 303 Mo. 589, 262 S.W. 346; In re Shelton's Estate, 338 Mo. 1000, 93 S.W.2d 684; Branson v. Branson, 102 Mo. 613, 15 S.W. 74; Leahy v. Campbell, 274 Mo. 343, 202 S.W. 1114; In re Harr & Harr's Estate, 224 Mo.App. 6, 22 S.W. 2d 209; Cassity's Appeal, 112 Mo.App. 714, 87 S.W. 595." (Emphasis supplied.)

In other words, it is not only the specific order or judgment entered by the probate court that is before the circuit court, but also those questions of law and fact which were passed upon by the probate court in arriving at that particular order or judgment.

To the same effect is the dictum found in Keet & Rountree Dry Goods Co. v. Williams, Mo.App., 202 S.W. 620, where at local citation page 622 [8, 9] the court said:

"While this disposes of the whole case, we may say in passing that a creditor or other interested party can-

not wait till a final settlement is made and approved, and then appeal from all matters that have transpired during the administration. The statute gives a right to appeal from the probate court's decision on a large number of matters (section 289, R.S.1909), but such appeals are seriatim and not in solido. Nor does an appeal bring up the entire probate proceedings in the estate, but only such parts as *relate* to the particular decision appealed from." (Emphasis supplied.)

In the instant case it is obvious that the rulings upon the objections filed by the petitioner, as well as the ruling upon the objections filed by Block, relate to, affect and determine the Settlement to Revocation required by § 473.603 RSMo 1949, as amended, Laws of Missouri, 1957, page 829, § 1, now § 473.603 RSMo 1959, V.A. M.S., and the probate court's judgment. Since they do so and since they were matters that were heard and adjudicated in the probate court, they were properly before the circuit court for its trial "de novo." It follows that the trial court should not have entered its order sustaining Block's motion to limit the evidence to be heard by its referee to that evidence concerning Block's appealed exceptions only.

The circuit court should proceed to hear and determine de novo the exceptions which the relator filed in the probate court and which that court found adversely to relator, as well as the exceptions filed by Block in the probate court and which that court found adversely to Block. In short, the circuit court should hear and determine de novo all issues litigated in the probate court, § 472.250, supra. To effect this result, our alternative writ of mandamus heretofore issued should be made peremptory, and the Commissioner so recommends.

PER CURIAM.

The foregoing opinion of BRADY, C., is adopted as the opinion of the court.

Therefore, our alternative writ of mandamus heretofore issued is made peremptory.

ANDERSON, P. J., RUDDY, J., and GEORGE P. ADAMS, Special Judge, concur.

WOLFE, J., not participating.